**In re Kevin JACOBS.**

**Appeal of Kevin Jacobs, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 23, 2010.
Filed Feb. 25, 2011.

Lorin A. Snyder, Carlisle, for appellant.

David W. DeLuce and Elizabeth D. Snover, Lemoyne, for Holy Spirit, appellee.

John J. Herman, Harrisburg, for PA State Police, appellee.

BEFORE: FORD ELLIOTT, P.J., MUNDY and COLVILLE,* JJ.

OPINION BY FORD ELLIOTT, P.J.:

■ Appellant, Kevin Jacobs, appeals the order denying his petition to expunge his mental health records so that he may obtain a firearm. We affirm, albeit on a different basis than the trial court.[1]

On June 24, 2004, appellant's mother completed a request for an emergency examination and treatment under the Mental Health Procedures Act ("MHPA").[2] Appellant, who was 27 years old at the time, resided with his parents. Appellant's mother alleged that he presented a clear and present danger to others. Specifically, the mother related that appellant was angry at her and her husband, and would

---

* Retired Senior Judge assigned to the Superior Court.

1. We are not bound by the rationale of the trial court, and may affirm on any basis.

*Ross v. Foremost Insurance Co.,* 998 A.2d 648, 656, n. 7 (Pa.Super.2010).

2. 50 P.S. §§ 7101–7503.

follow them through the house yelling at them. On the day in particular, appellant put his belt around her throat and threatened to strangle her. Appellant's mother also stated that she sometimes feels like a prisoner in her own house. Based upon these allegations, the county administrator had appellant transported to Holy Spirit Hospital where he underwent psychiatric examination, and was subsequently involuntarily committed for treatment, not to exceed 120 hours, pursuant to the provisions of 50 P.S. § 7302. Commitment under this section is proper where there are "reasonable grounds to believe a person is severely mentally disabled and in need of immediate treatment." *In re Hancock,* 719 A.2d 1053, 1055 (Pa.Super.1998).

On June 28, 2004, appellant's medical team sought extended involuntary commitment, not to exceed 20 days, pursuant to the provisions of 50 P.S. § 7303. The requirements for commitment under § 7303 are much more severe because of the greater liberty interest at risk. A hearing must be conducted within 24 hours of application, counsel is appointed unless the patient desires to hire private counsel, testimony and evidence is taken, and a record is made of the proceedings. 50 P.S. § 7303(b) and (c). This court has held that the standard of proof at such a hearing is clear and convincing evidence. *In re Hancock,* 719 A.2d at 1056–1057. Finally, the MHPA provides for an appeal of the decision to common pleas court, to be held within 72 hours of the filing of a petition. 50 P.S. § 7303(g). On June 29, 2004, a hearing was held, and it was determined that appellant's involuntary commitment be continued for two days, and that involuntary outpatient treatment continue for 18 additional days. No appeal was taken.

On May 22, 2009, appellant filed a petition to expunge his mental health records so that he could possess a firearm. On November 9, 2009, the trial court denied the petition to expunge, and appellant filed this timely appeal. On appeal, we find this matter to be moot.

Pennsylvania statutes prohibit the possession of firearms by certain individuals including,

(c) **Other persons.**—In addition to any person who has been convicted of any offense listed under subsection (b), the following persons shall be subject to the prohibition of subsection (a):

(4) A person who has been adjudicated as an incompetent or who has been involuntarily committed to a mental institution for inpatient care and treatment under section 302, 303 or 304 of the provisions of the act of July 9, 1976 (P.L. 817, No. 143), known as the Mental Health Procedures Act. This paragraph shall not apply to any proceeding under section 302 of the Mental Health Procedures Act unless the examining physician has issued a certification that inpatient care was necessary or that the person was committable.

18 Pa.C.S.A. § 6105(c)(4).

Nonetheless, our statutes also provide for the *limited* availability of expunction of mental health records in order to possess a firearm. Specifically, those persons involuntarily committed pursuant to 50 P.S. § 7302 may seek expunction:

(g) **Review by court.**—

(2) A person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence upon which the involun-

tary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the Pennsylvania State Police be expunged. A petition filed under this subsection shall toll the 60–day period set forth under section 6105(a)(2).

(3) The Pennsylvania State Police shall expunge all records of an involuntary commitment of an individual who is discharged from a mental health facility based upon the initial review by the physician occurring within two hours of arrival under section 302(b) of the Mental Health Procedures Act and the physician's determination that no severe mental disability existed pursuant to section 302(b) of the Mental Health Procedures Act. The physician shall provide signed confirmation of the determination of the lack of severe mental disability following the initial examination under section 302(b) of the Mental Health Procedures Act to the Pennsylvania State Police.

18 Pa.C.S.A. § 6111.1(g)(2)and (3).

Appellant's present petition, and appeal, are moot because even if he is entitled to expunction under § 7302, expunction cannot go forward because appellant was also involuntarily committed under § 7303. 18 Pa.C.S.A. § 6111.1(g) provides no opportunity to obtain expunction of mental health records pursuant to a commitment under § 7303. This undoubtedly reflects the fact that commitment under § 7303 indicates a more serious mental problem, and the fact

that commitment under § 7302 only requires a doctor's determination, while commitment under § 7303 imposes major due process requirements.

Appellant had the opportunity in 2004 to appeal his commitment under § 7303, and he chose not to do so. The lower court had no jurisdiction under 18 Pa.C.S.A. § 6111.1(g) to review appellant's commitment under § 7303. That statute only imbues the lower court with jurisdiction to review commitments under § 7302.

Although he does not follow this line of argument on appeal, we note that in his petition to expunge, appellant cast his commitment under § 7303 as the "fruit of the poisonous tree" of an improper earlier commitment under § 7302. Appellant cannot bootstrap his § 7303 commitment to his § 7302 commitment in order to obtain review of his § 7303 commitment under 18 Pa.C.S.A. § 6111.1(g). This was an entirely separate judicial proceeding, complete with its own avenue of appeal.[3]

Finally, we note appellant's claim that the MHPA requires that he be notified that he may commit himself voluntarily.[4] To support this proposition, appellant cites to the policy declaration of the MHPA, 50 P.S. § 7102, which states, in pertinent part, "[t]reatment on a voluntary basis shall be preferred to involuntary treatment; and in every case, the least restrictions consistent with adequate treatment shall be employed." Simply stated, this provision does not impose any notice requirement that a person be informed that he may voluntarily commit him or herself, and appellant does not cite any case law so interpreting the statute. In any event, as

---

**3.** Moreover, with its heightened due process requirements, appellant's subsequent commitment under § 7303 would indicate that his earlier commitment under § 7302 was valid.

**4.** The ban on possession of firearms only applies to involuntary commitments.

noted by the trial court, appellant refused to sign a consent to medical treatment prior to his initial commitment. (Trial court opinion, 4/26/10 at 5.) This matter is without merit.

Accordingly, having found that appellant's petition to expunge his mental health records was moot, we will affirm the order below.

Order affirmed.