J-S15032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PEGGY DEBNAM, | |
| Appellant | No. 1075 EDA 2015 |

Appeal from the Order Entered March 20, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-1206551-2000

BEFORE:  BENDER, P.J.E., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                **FILED FEBRUARY 29, 2016**

Appellant, Peggy Debnam, appeals *pro se* from the order denying her petition to redact charges which were dropped as part of a plea agreement fifteen years earlier when she entered a guilty plea to one count of witness intimidation as a felony of the third degree.  Appellant maintains there was no plea agreement and the trial court erred by applying ***Commonwealth v. Lutz***, 788 A.2d 993 (Pa. Super. 2001), instead of ***Commonwealth v. Wexler***, 431 A.2d 877 (Pa. 1981).  We affirm.

We derive the facts of the case from the trial court's opinion and our independent review of the record:

> On June 7, 2001, Appellant pled guilty to one count of witness intimidation and on the same date the trial court granted

---

[*] Retired Senior Judge assigned to the Superior Court.

the Commonwealth's motion for *nolle prosequi* on one count each of retaliation against a witness, terroristic threats, and obstruction of justice. Appellant was sentenced to time served to a maximum of twenty-three months of confinement followed by three years['] probation. On March 20, 2015, Appellant petitioned this court *pro se* to redact the *nolle prossed* charges. The stated reasons for Appellant's request was that she was seeking a pardon for the charge she pled guilty to and that she was unable to apply for a nursing degree. The Commonwealth objected to the redaction on the basis that the redaction of these charges was not part of the benefit of the bargain of the plea agreement. The guilty plea colloquy indicated that the District Attorney promised to recommend a sentence of not more than time served to twenty-three months[' incarceration] and three years reporting probation in exchange for their motion for *nolle prosequi* on all other charges. Because a redaction of these charges was not part of the plea agreement, this [c]ourt denied Appellant's petition for redaction.

(Trial Court Opinion, 7/09/15, at 1-2) (record citations omitted).

On April 13, 2015, Appellant timely filed a notice of appeal from the court's order of March 20, 2015.[1]

Appellant presents four questions for our review:

[1.] Did the [trial] Court Abuse it's [sic] Discretion when it failed to consider the **Wexler** factors when determining whether to grant or deny the Motion for Redaction of charges?

[2.] Did the [trial] Court error [sic] when it relied on **Commonwealth v. Lutz**, 788 A.2d 993 (Pa. Super. [20]01), which is no longer good law?

[3.] Did the [trial] Court error [sic] when it determined that there was a plea agreement between Appellant and the Commonwealth and did the Court error [sic] when it determined

_____

[1] The trial court did not order a statement of errors. **See** Pa.R.A.P. 1925(b). The court filed an opinion on July 9, 2015. (**See** Trial Ct. Op., 7/09/15); **see also** Pa.R.A.P. 1925(a).

that the charges were *nolle prosequi*, without any record support or for that matter any evidence [whatsoever] to support such conclusion?

[4.] Did the [trial] Court error [sic] in failing to grant the Motion for Redaction of Charges?

(Appellant's Brief, at iv) (capitalization in original) (questions verbatim except as noted by brackets).

As recognized by Appellant, her petition for redaction is actually a request for expungement. (***See, e.g.***, Appellants' Brief, at 1).

Our Supreme Court has recently reaffirmed the standard of review for expungement:

[The Pennsylvania Supreme] Court has consistently found that the right in this Commonwealth to petition for expungement of criminal records is an adjunct of due process. The decision to grant or deny a petition for expungement lies in the sound discretion of the trial court, who must balance the individual's right to be free from harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records.

***Commonwealth v. Wallace***, 97 A.3d 310, 317 (Pa. 2014) (quotation marks and citation omitted). Accordingly, "[w]e review the decision of the trial court for an abuse of discretion." ***Lutz***, ***supra*** at 996 (citation omitted). A trial court abuses its discretion if in reaching a conclusion, the law is overridden or misapplied, or the exercised judgment is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill will. ***See, e.g.***, ***Commonwealth v. Hann***, 81 A.3d 57, 65 (Pa. 2013). To the extent Appellant's arguments raise questions of law, our appellate standard of

review is *de novo*, and the scope of our review is plenary.  ***See***

***Commonwealth v. Sanford***, 863 A.2d 428, 431 (Pa. 2004).

In general, the Criminal History Record Information Act at 18 Pa.C.S.A. §§ 9101-9183, and specifically Section 9122, governs the expungement of criminal records.[2]  There is no dispute, and Appellant does not argue, that she meets any of the statutory criteria.

_____

[2] In pertinent part, section 9122 provides:

> **a) Specific proceedings.**—Criminal history record information shall be expunged in a specific criminal proceeding when:
>
> (1) no disposition has been received or, upon request for criminal history record information, no disposition has been recorded in the repository within 18 months after the date of arrest and the court of proper jurisdiction certifies to the director of the repository that no disposition is available and no action is pending.  Expungement shall not occur until the certification from the court is received and the director of the repository authorizes such expungement;
>
> (2) a court order requires that such nonconviction data be expunged; or
>
> (3) a person 21 years of age or older who has been convicted of a violation of section 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages), which occurred on or after the day the person attained 18 years of age, petitions the court of common pleas in the county where the conviction occurred seeking expungement and the person has satisfied all terms and conditions of the sentence imposed for the violation, including any suspension of operating privileges imposed pursuant to section 6310.4 (relating to restriction of operating privileges).  Upon review of the petition, the court shall order the

*(Footnote Continued Next Page)*

- 4 -

Here, preliminarily, we are compelled in the interest of clarity to note that Appellant's brief is materially and substantively deficient. Appellant's three argument sections do not correspond to the first three questions raised in the statement of questions involved, and she omits any argument in support of her fourth question altogether. (*See* Appellant's Brief, at iv, 1-5). The argument actually presented is somewhat repetitive, unfocussed and overlapping.

*(Footnote Continued)* ────────────

expungement of all criminal history record information and all administrative records of the Department of Transportation relating to said conviction.

**(b) Generally.**—Criminal history record information may be expunged when:

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.

(2) An individual who is the subject of the information has been dead for three years.

(3)(i) An individual who is the subject of the information petitions the court for the expungement of a summary offense and has been free of arrest or prosecution for five years following the conviction for that offense.

(ii) Expungement under this paragraph shall only be permitted for a conviction of a summary offense.

\*   \*   \*

18 Pa.C.S.A. § 9122 (a), (b).

> [A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citations omitted).

Nevertheless, here, as in ***Lyons***, in the interest of justice and judicial economy, we will address the arguments that can reasonably be discerned from this defective brief. ***See id.*** at 252.

Initially, we note that Appellant misapprehends, or simply misstates, several key facts of record which form the foundation of her arguments. Notably, she asserts repetitively that there is no plea agreement in this case. Her claim is incorrect and contradicted by the record.

To the contrary, Appellant herself filed a reproduced record which consisted of the signed and annotated written guilty plea colloquy. (***See*** Written Guilty Plea Colloquy, 6/07/01, 1-4). She also identified the colloquy, (although she neglected to attach it), as Exhibit A of her brief.[3]

Appellant maintains in particular that the guilty plea colloquy states "there was no plea agreement in this case." (Appellant's Brief, at 2).

---

[3] The written guilty plea colloquy is included as a supplement to the certified record. The Commonwealth also attached the colloquy as an exhibit to its brief. All versions are identical.

Appellant's reliance on a single sentence, taken entirely out of context from the first page of the guilty plea colloquy, is misplaced. The very next sentence states, in the alternative, that:

> There is no plea bargain or agreement of any kind **except** that the District Attorney promised to:
>
> Recommend a sentence of not more than **Time** [served] to 23 mos. [years] [months] . . . **and 3 yrs. NRP.**
>
> Make no recommendation about my sentence.
>
> Drop the charges of (**all other charges**).

(Written Guilty Plea Colloquy, at 1) (first emphasis added; all other emphases indicate handwritten insertions). The colloquy is signed by defense counsel, the assistant district attorney, the judge, and Appellant herself. (**See id.** at 3-4).

The inescapable conclusion is that Appellant agreed to a counseled, negotiated guilty plea which stipulated that in return for her guilty plea to the charge of intimidation of a witness, the Commonwealth would recommend a sentence of time served to no more than twenty-three months of incarceration plus three years of non-reporting probation, in addition to dropping the remaining charges against her. There is no dispute that the Commonwealth complied with this agreement. (**See** Criminal Docket CP-51-CR-1206551-2000, page 2 of 5) (confirming sentence on guilty plea to intimidation of witnesses or victims; charges of retaliation against witness or

- 7 -

victim, terroristic threats, and obstructing administration of law [or] other government function *nolle prossed*).

Therefore, we agree with the trial court that despite the shorthand notation in the docket, the remaining three charges were not *nolle prossed* in the specific technical sense of withdrawal because the Commonwealth believed it could not prove the charges beyond a reasonable doubt.[4] (**See** Trial Ct. Op., at 3); **see also Wexler**, **supra** at 880; **see generally** Pa.R.Crim.P. 585.

To the contrary, the plain meaning of the guilty plea colloquy is that the remaining three charges were withdrawn or "drop[ped]" as a consequence of the negotiated plea agreement. (Written Guilty Plea Colloquy, at 1). On the evidence of record, this was a plea bargain pure and simple.

The form may have been inartfully drafted, for example, by not providing mutually exclusive check boxes for alternative dispositions. Nevertheless, to insist that no plea agreement existed in this case, as Appellant does, ignores the facts of record. This was not an "open plea" as Appellant claims. (Appellant's Brief, at v). The terms of the plea were explicitly spelled out in the written agreement, in plain English, signed by all.

_____

[4] Curiously, Appellant concedes that "[t]here is not a scintilla of evidence to suggest that the charges were *nolle prosequi*, but instead the charges were dismissed." (Appellant's Brief, at 4).

Appellant's claim that this completed written form does not constitute a plea agreement is supported neither by law, the surrounding facts, or any legitimate semantic distinction. Therefore, her claim is legally frivolous. Accordingly, Appellant's first three claims, which all argue or depend on the supposition that no plea agreement existed, are without merit.

Appellant's fourth question is waived for lack of any discussion, pertinent or otherwise, supported by authority. **See** Pa.R.A.P. 2119(a), (b). Moreover, Appellant misapprehends our standard of review. The trial court's decision to grant or deny expungement is an act of judicial discretion. **See Wallace**, **supra** at 317. Accordingly, we review the decision of the trial court for an abuse of discretion, not an error of law. **See Lutz**, **supra** at 996. Appellant's fourth claim would fail for that reason as well.

In **Wexler**, the Commonwealth *nolle prossed* the charges against Martin and Estelle Wexler, because, as the prosecutor stated at the expungement hearing, it could not prove guilt beyond a reasonable doubt.[5] **See Wexler**, **supra** at 880.

_____

[5] Martin Wexler was charged with corruption of a minor premised on the arrest of his daughter, Vicki, after marijuana and drug paraphernalia were discovered in her bedroom. Mrs. (Estelle) Wexler was arrested at her husband's preliminary hearing on charges of criminal conspiracy and corruption of a minor. Appellant Vicki entered a consent decree and successfully completed a diversionary probationary program for juveniles. The Supreme Court considered the special character of a consent decree under the Juvenile Act a "vital" distinction. **Wexler**, **supra** at 881. The
*(Footnote Continued Next Page)*

In **Lutz**, this Court affirmed the denial of expungement to an appellant who agreed to a negotiated plea bargain which provided for the dismissal of all other charges against him in exchange for his guilty plea to one count of aggravated assault. **See Lutz**, **supra** at 995.

We conclude, after review, that the facts of this case are more aligned with the facts of **Lutz** than of **Wexler**. Pursuant to the holding in **Lutz**, a **Wexler** hearing was not required where the Commonwealth withdrew charges as part of a negotiated plea bargain. **Accord**, **Commonwealth v. Waughtel**, 999 A.2d 623, 627 (Pa. Super. 2010) (affirming denial of petition for expungement where plea bargain had been negotiated and it was understood that remaining charges would be dismissed in exchange for appellant's guilty plea to one charge).

Appellant's argument that **Lutz** "is no longer good law, assuming it ever was[,]" does not merit relief. (Appellant's Brief, at vi; **see also id.** at 3). Appellant follows, without specific attribution, the **concurring** opinion of Judge Klein in **Commonwealth v. Hanna**, 964 A.2d 923, 929 (Pa. Super. 2009) (Klein, J., concurring). A concurring opinion is not binding precedent.

> For any principle of law expressed in a decision of this Court to be considered precedent, it must command a majority of judges voting both as to disposition and the principle of law expressed. Accordingly, a decision authored by just one member of a three-

_(Footnote Continued)_ ───────────

Supreme Court also considered the prosecutor's procedure against the parents "questionable." **Id.** at 879.

member Superior Court panel, with the remaining two judges either dissenting or concurring in the result, is of no precedential value.

***Commonwealth v. Davis***, 17 A.3d 390, 398 (Pa. Super. 2011), *appeal denied*, 29 A.3d 371 (Pa. 2011) (citation omitted).

Here, as in ***Lutz***, Appellant was not acquitted of the charges at issue. Nor is there anything in the record to support the supposition that the Commonwealth withdrew the charges because it lacked evidence to proceed with prosecution.[6] We find, as did the trial court, that the charges were withdrawn as part of a plea bargain. We discern no basis on which to disturb the discretion of the trial court.

However, we note that the trial court states, *inter alia*, that it denied the petition because redaction of the charges at issue was not a part of the plea agreement. (***See*** Trial Ct. Op., at 2). It reasons that "granting the petition would give Appellant more benefit than she bargained for and would effectively overrule ***Lutz***." (***Id.*** at 3).

We note that this reasoning essentially tracks a principle stated in ***Lutz***. ***See Lutz***, ***supra*** at 1001. We recognize that the benefit of the bargain is one factor to consider in the review of a petition for expungement. Nevertheless, as acknowledged by the trial court in its discussion, our

_____

[6] To the contrary, the Commonwealth maintains that "[p]ursuant to a[ ] plea agreement, she admitted her guilt and the Commonwealth dropped additional charges." (Commonwealth's Brief, at 2).

caselaw presents other factors for additional consideration. Mindful of these additional factors, our reasoning differs somewhat from that of the trial court.[7] However, "[w]e are not bound by the rationale of the trial court, and may affirm on any basis." **In re Jacobs**, 15 A.3d 509, 509 n.1 (Pa. Super 2011) (citation omitted).

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/29/2016

_____

[7] In any event, we take occasion to express our categorical disagreement with Appellant's bald, unsupported claim that "[a]ll of the reasons cited by the trial court are frivolous and without merit." (Appellant's Brief, at 1).