J-A16031-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| IN RE: PETITION OF: J.M.Y., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| ALLEGHENY COUNTY DEPARTMENT OF | : | |
| BEHAVIORAL HEALTH AND THE | : | |
| PENNSYLVANIA STATE POLICE | : | |
| | : | |
| APPEAL OF: J.M.Y. | : | No. 1323 WDA 2015 |

Appeal from the Order March 10, 2015
in the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): CC 1419 of 2014

BEFORE: SHOGAN, OLSON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED NOVEMBER 16, 2016**

J.M.Y. (Appellant) appeals from the order entered on March 10, 2015, which denied his petition for expunction of mental health records and restoration of firearms rights. We affirm.

On the evening of September 21, 2012, Appellant was involuntarily committed to Western Psychiatric Institute and Clinic (WPIC), pursuant to 50 P.S. § 7302 (section 302) of the Mental Health Procedures Act (MHPA).

On September 24, 2012, Dr. Frank DiPietro, an attending psychiatrist at WPIC, filed an application for extended involuntary treatment pursuant to 50 P.S. § 7303 (section 303) of the MHPA, noting that Appellant's "significant dangerous/impulsive behavior necessitated continued stay." Application for Extended Involuntary Treatment, 9/24/2012. On September 25, 2012, a certification was issued pursuant to section 303, ordering Appellant into outpatient treatment for a period not to exceed 20 days.

_____
*Retired Senior Judge assigned to the Superior Court.

Certification, 9/25/2012. Appellant was released from the hospital on September 25, 2012. As a consequence of his involuntary commitments, Appellant was barred from possessing a firearm under 18 U.S.C. § 922(g)(4).[1]

On November 24, 2014, Appellant filed a petition, pursuant to 18 Pa.C.S. § 6105(f)(1) and 18 Pa.C.S. § 6111.1(g)(2), seeking to vacate and expunge his involuntary commitment records, and restore his rights to own a firearm. A hearing was held on January 8, 2015. On March 10, 2015, the orphans' court denied Appellant's petition. Appellant filed exceptions to the court's order, which were denied by operation of law. This timely-filed appeal followed. The orphans' court did not order Appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925, and none was filed. The orphans' court filed an opinion on October 17, 2015.

On appeal, Appellant claims that the orphans' court erred in denying his petition, arguing that there was insufficient evidence to support his section 302 commitment. Appellant's Brief at 20-22. Appellant also assails the validity of his section 303 commitment, contending that commitment

---

[1] Appellant's commitments also precluded him from firearm possession under 18 Pa.C.S. §§ 6105 (a)(1) and (c)(4). On July 28, 2015, the orphans' court issued an order restoring Appellant's right to possess a firearm under these subsections; however, this order does not affect his federal ineligibility.

failed to meet the numerous procedural safeguards of the MHPA. *Id.* at 12-19.

"Our well-settled standard of review in cases involving a motion for expunction is whether the trial court abused its discretion." *In re Keyes*, 83 A.3d 1016, 1022 (Pa. Super. 2013). Before we consider Appellant's substantive claims, we must first determine whether the orphans' court had jurisdiction to consider Appellant's expunction petition.

Appellant was initially committed involuntarily under section 302, which provides in relevant part as follows.

> **(a) Application for Examination.**--Emergency examination may be undertaken at a treatment facility upon the certification of a physician stating the need for such examination; or upon a warrant issued by the county administrator authorizing such examination; or without a warrant upon application by a physician or other authorized person who has personally observed conduct showing the need for such examination.
>
> * * *
>
> (2) Emergency Examination Without a Warrant.-- Upon personal observation of the conduct of a person constituting reasonable grounds to believe that he is severely mentally disabled and in need of immediate treatment, any physician or peace officer, or anyone authorized by the county administrator may take such person to an approved facility for an emergency examination. Upon arrival, he shall make a written statement setting forth the grounds for believing the person to be in need of such examination.
>
> **(b) Examination and Determination of Need for Emergency Treatment.**--A person taken to a facility shall be

examined by a physician within two hours of arrival in order to determine if the person is severely mentally disabled within the meaning of section 301 and in need of immediate treatment. If it is determined that the person is severely mentally disabled and in need of emergency treatment, treatment shall be begun immediately. If the physician does not so find, or if at any time it appears there is no longer a need for immediate treatment, the person shall be discharged and returned to such place as he may reasonably direct. The physician shall make a record of the examination and his findings. In no event shall a person be accepted for involuntary emergency treatment if a previous application was granted for such treatment and the new application is not based on behavior occurring after the earlier application.

**(c) Notification of Rights at Emergency Examination.**-- Upon arrival at the facility, the person shall be informed of the reasons for emergency examination and of his right to communicate immediately with others. He shall be given reasonable use of the telephone. He shall be requested to furnish the names of parties whom he may want notified of his custody and kept informed of his status. The county administrator or the director of the facility shall:

(1) give notice to such parties of the whereabouts and status of the person, how and when he may be contacted and visited, and how they may obtain information concerning him while he is in inpatient treatment; and

(2) take reasonable steps to assure that while the person is detained, the health and safety needs of any of his dependents are met, and that his personal property and the premises he occupies are secure.

**(d) Duration of Emergency Examination and Treatment.**--A person who is in treatment pursuant to this section shall be discharged whenever it is determined that he no longer is in need of treatment and in any event within 120 hours, unless within such period:

* * *

> (2) a certification for extended involuntary emergency treatment is filed pursuant to section 303 of this act.

50 P.S. § 7302(a)-(d) (footnotes omitted).

During his 302 commitment, WPIC psychiatrists certified that Appellant was in need of extended treatment. Extended involuntary commitment is governed by section 303 of the MHPA.

> Under Section 7303, when a facility deems a patient to be in need of additional care beyond the 120 hours of emergency care authorized by Section 7302, an application to extend treatment may be filed in the trial court and an informal hearing held within 24 hours of the filing of the application. 50 P.S. § 7303(a)-(b). After the hearing, if the judge or mental health review officer certifies the patient as severely mentally disabled, he may authorize up to an additional twenty days of treatment. 50 P.S. § 7303(c), (f). **When this certification is made by a mental health review officer as opposed to a judge, the patient may petition the trial court to review the certification**. 50 P.S. § 7303(g). A hearing is to be held within 72 hours of the filing of that petition. *Id.*

*In re R.F.*, 914 A.2d 907, 914 (Pa. Super. 2006) (emphasis added).

Appellant brought his petition for expunction pursuant to subsection 6111.1(g) of the Uniform Firearms Act, which provides as follows.

> **(g) Review by court.--**
>
> * * *
>
> (2) A person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence

upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the Pennsylvania State Police be expunged. …

(3) The Pennsylvania State Police shall expunge all records of an involuntary commitment of an individual who is discharged from a mental health facility based upon the initial review by the physician occurring within two hours of arrival under section 302(b) of the Mental Health Procedures Act and the physician's determination that no severe mental disability existed pursuant to section 302(b) of the Mental Health Procedures Act. The physician shall provide signed confirmation of the determination of the lack of severe mental disability following the initial examination under section 302(b) of the Mental Health Procedures Act to the Pennsylvania State Police.

18 Pa.C.S. § 6111.1(g)(2), (3) (footnotes omitted).

In his petition to the orphan's court, Appellant sought expunction of both his section 302 commitment records and his commitment records under section 303. However, this Court has interpreted the plain language of subsection 6111.1(g) to provide "no opportunity to obtain expunction of mental health records pursuant to a commitment under [section 303]." **In re Jacobs**, 15 A.3d 509, 511 (Pa. Super. 2011) (holding, *inter alia*, that subsection 6111.1(g) "only imbues the lower court with jurisdiction to review commitments under [section 302]").[2]

---

[2] The facts of **Jacobs** are similar to those set forth herein. In May of 2009, Jacobs sought expunction, pursuant to section 6111.1(g), of the records of his 2004 involuntary commitment. Finding that the section 302 expunction

The ***Jacobs*** court also held that, even if an appellant is entitled to expunction under section 302, expunction cannot occur if the appellant was also involuntarily committed under section 303. ***Id.*** Further, the Court held that an appellant seeking expunction and restoration of firearms rights cannot "bootstrap" review of a section 303 commitment to a petition seeking review of a section 302 commitment under section 6111.1(g) because the section 303 commitment is "an entirely separate judicial proceeding, complete with its own avenue of appeal." ***Id.*** (footnote omitted).

Here, Appellant's initial section 302 commitment was extended under section 303 pursuant to the certification recommending outpatient treatment signed on September 25, 2012, the date of Appellant's discharge. Pursuant to the MHPA, Appellant was entitled to petition the court of common pleas for review of his 303 commitment. 50 P.S. § 7303(g). He failed to do so.[3]

_____

could not move forward because Jacobs had also been committed under section 303 (which was not subject to expunction under section 6111.1(g)), the Court determined that his petition and appeal were moot. ***Jacobs***, 15 A.3d at 511.

[3] While there is no timeframe in section 303(g) outlining when a petition for review to the court of common pleas must be filed, 42 Pa.C.S. § 5571, which governs appeals generally, provides for a 30-day appeal period. ***See*** 42 Pa.C.S. § 5571 ("Except as otherwise provided in subsections (a) [relating to appeals to the appellate courts] and (c) [outlining exceptions not applicable herein] and in section 5571.1 [...], an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.") Our Supreme Court has observed that a mental health review officer is "a law-

Accordingly, the orphan's court was without jurisdiction to review his section 303 commitment.

Moreover, under **Jacobs**, Appellant may not now bootstrap a request for review of his section 303 commitment to his petition for section 302 review under section 6111.1. Further, because he was involuntarily committed under both sections, Appellant's request for expunction of his 302 commitment cannot be granted. **Jacobs**, 15 A.3d at 511. Thus, pursuant to the binding precedent set forth in **Jacobs**, Appellant's petition and appeal are moot. **Id.** Accordingly, we affirm the orphans' court's order.

Order affirmed.

Judge Olson joins.

Judge Shogan files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/16/2016

---

trained, quasi-judicial officer who prepares a certification of findings 'as to the reasons that extended involuntary treatment is necessary and a description of the treatment to be provided[.]'" **In re K.L.S.**, 934 A.2d 1244, 1247-48 (Pa. 2007). Accordingly, a proceeding before a mental health review officer is an appeal from a tribunal or other government unit subject to the 30-day appeal period under section 5571.