J-S12008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILLIP STEWART | : | |
| | : | |
| Appellant | : | No. 1625 EDA 2023 |

Appeal from the PCRA Order Entered June 2, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0506891-2002

BEFORE:  DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                      **FILED JULY 22, 2024**

Appellant Phillip Stewart appeals from the June 2, 2023 order of the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Without addressing the merits of Appellant's claims, we conclude that he is ineligible for relief under the PCRA because he is no longer serving a sentence at this docket.  Accordingly, we affirm the order dismissing Appellant's PCRA petition.

On January 12, 2002, Philadelphia police officers arrested Appellant on drug-related crimes based upon the observations of, and investigation by, Philadelphia Officer Michael Spicer.  On April 12, 2004, a trial court convicted Appellant, following a wavier trial, of the following crimes: Knowingly Possessing a Controlled Substance; Possession with Intent to Deliver a

Controlled Substance; and Fleeing or Attempting to Elude Police. On June 23, 2004, the court sentenced Appellant to an aggregate term of 15-30 months of incarceration. The docket indicates that Appellant did not file a direct appeal. Accordingly, his judgment of sentence became final on July 23, 2004, following the expiration of his time for filing a direct appeal. *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On May 1, 2018, the Defender Association of Philadelphia filed a PCRA Petition on behalf of numerous defendants, including Appellant, alleging "after discovered evidence" of police corruption based upon the March 5, 2018 disclosure of the Philadelphia District Attorney's Office's "Do Not Call List." PCRA Petition, 5/1/18, at ¶ 3-4, 15. The Do Not Call List identified police officers, including Officer Spicer, whom "a prosecutor cannot call to testify in any matter without explicit permission from the First Assistant District Attorney." *Id.* at ¶ 4.

On April 28, 2023, the PCRA court issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907, providing Appellant 20 days to respond. The court formally dismissed the petition on June 2, 2023, after Appellant did not respond.

On June 20, 2023, Appellant filed a notice of appeal. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues before this Court:

A. Did the PCRA court err in dismissing the PCRA petition as being without merit as Officer Michael Spicer was a necessary and critical officer, as he purportedly observed [A]ppellant engaged in

a narcotics transaction, which resulted in [A]ppellant's arrest and conviction[?] Officer Spicer was later deemed not credible by the [D]istrict [A]ttorney's office, and placed on the "do not call list[."]

B. Does not society ha[ve] an interest in exonerating the wrongfully convicted, therefore, even if no longer cognizable under the PCRA, this was a wrongfully dismissed habeas corpus petition, as Officer Michael Spicer was a necessary and critical officer, as he purportedly observed [A]ppellant engaged in a narcotics transaction, which resulted in [A]ppellant's arrest and conviction[?] Officer Spicer was later deemed not credible by the [D]istrict [A]ttorney's office, and placed on the "do not call list[."]

Appellant's Br. at 7.

Before addressing the merits, we must determine whether Appellant is eligible for relief under the PCRA. We conclude he is not. Indeed, Appellant acknowledges that "there is no jurisdiction under the PCRA" because "he is no longer serving a sentence on this matter." Appellant's Br. at 19. To be eligible for relief under the PCRA, a "petitioner must plead and prove by a preponderance of the evidence[,]" *inter alia*, that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i); *see also Commonwealth v. Plunkett*, 151 A.3d 1108, 1109-10 (Pa. Super. 2016). As Appellant's 2004 sentence of 15-30 months of incarceration has expired, he is not eligible for PCRA relief. Accordingly, we affirm the PCRA court's dismissal of Appellant's PCRA petition.[1]

_____

[1] We acknowledge that the trial court did not dismiss the petition based on the expiration of Appellant's sentence. Instead, the trial court dismissed Appellant's PCRA based on its conclusion that Officer Spicer's alleged misconduct "did not impact the outcome of [Appellant's] case" because the misconduct occurred after 2006, three years after Appellant's arrest and trial. PCRA Ct. Op, 9/1/23, at 3. Nevertheless, we may affirm a court's decision on
*(Footnote Continued Next Page)*

Alternatively, Appellant seeks application of the doctrine of *habeas corpus*, asserting that "society has an interest in vindicating the wrongfully convicted[.]" Appellant's Br. at 22. Appellant, nevertheless, acknowledges that the "PCRA statute subsumes the writ of *habeas corpus*[, such that issues] that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition." *Id.* at 20 (quoting **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013)); **see also** 42 Pa.C.S. § 9542. Indeed, Appellant recognizes that his claims "are likely cognizable under the PCRA" but requests review under the doctrine of *habeas corpus* "in the interest of justice . . . as this is [A]ppellant's only recourse." *Id.* at 20. Appellant claims that "the law must have room to challenge a wrongful conviction at any time, whether an appellant is still serving a sentence or not, as it is a question of fundamental fairness, respect for due process and our society's norms and customs." *Id.* at 24.

We conclude that the writ of *habeas corpus* provides no relief for Appellant. As noted by Appellant, the "PCRA statute subsumes the writ of *habeas corpus*[.]" **Taylor**, 65 A.3d at 466. Moreover, even if Appellant could assert a *habeas* claim outside the PCRA, that claim would fail for the same reason that his PCRA claim fails: he is not in custody at this docket.

---

any basis. **See In re Jacobs**, 15 A.3d 509 n.1 (Pa. Super. 2011) ("[This Court is] not bound by the rationale of the trial court[] and may affirm on any basis.").

It is well-established that "the essence of the common law writ of *habeas corpus* is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." **Commonwealth v. Turner**, 80 A.3d 754, 765 (Pa. 2013) (summarizing **Preiser v. Rodriguez**, 411 U.S. 475, 484 (1973)). As the Supreme Court explained, because Appellant's "liberty is no longer burdened by a []sentence, [he] has no due process right to collateral review of that sentence." **Id.** at 766. As Appellant acknowledges that he is no longer in custody, his *habeas* claim fails.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2024