J-S12009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HIRAM W. RAMOS | : | |
| | : | |
| Appellant | : | No. 1654 EDA 2023 |

Appeal from the PCRA Order Entered June 2, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0109171-2004

BEFORE:  DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                              **FILED JULY 22, 2024**

Appellant Hiram W. Ramos appeals from the June 2, 2023 order of the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Additionally, Appellant's counsel has filed a ***Turner/Finley*** Brief[1] and an Application for Leave to Withdraw as Counsel.  Without addressing the merits of Appellant's claims, we conclude that he is ineligible for relief under the PCRA because he is no longer serving a sentence at this docket.  Accordingly, we grant counsel's application to withdraw and affirm the PCRA court's order dismissing Appellant's PCRA petition.

On June 26, 2003, police arrested Appellant for drug-related crimes based in part on the surveillance of Police Officer Michael Spicer.  On March

_____

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

26, 2004, following a waiver trial, the trial court convicted Appellant of Possession with Intent to Deliver a Controlled Substance and Conspiracy. On July 13, 2004, the court imposed an aggregate sentence of one to three years of imprisonment. Appellant did not file a direct appeal. Accordingly, his judgment of sentence became final on August 12, 2004, following the expiration of his time for filing an appeal. *See* Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).

On May 1, 2018, the Defender Association of Philadelphia filed a PCRA Petition on behalf of numerous defendants, including Appellant, alleging "after discovered evidence" of police corruption based upon the March 5, 2018 disclosure of the Philadelphia District Attorney's Office's "Do Not Call List." PCRA Petition, 5/1/18, at ¶ 3-4, 15. The Do Not Call List identified police officers, including Officer Spicer, whom "a prosecutor cannot call to testify in any matter without explicit permission from the First Assistant District Attorney." *Id.* at ¶ 4.

On April 28, 2023, the PCRA Court issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. On June 2, 2023, the court dismissed Appellant's PCRA. As explained by the PCRA court, while the Defender Association and the District Attorney's Office compiled "possible cases impacted by the police misconduct[,]" they subsequently determined that the instant case did not satisfy the criteria for PCRA relief. PCRA Ct. Op., 8/31/23, at 2-3.

On June 20, 2023, Appellant filed a counseled notice of appeal.[2] On July 6, 2023, the PCRA court removed the Defender Association from representing Appellant. On July 11, 2023, Attorney William Love entered his appearance in this Court as counsel for Appellant. The PCRA court and counsel complied with Pa.R.A.P. 1925, with counsel indicating that there were "no non-frivolous issues to be raised[.]" Rule 1925(b) Statement, 8/21/23. Accordingly, in this Court, counsel filed a *Turner/Finley* Brief and an application to withdraw as counsel, to which Appellant has not responded. Counsel raised the following issue in the brief:

> "[W]hether the PCRA Court erred in dismissing [Appellant's] Post Conviction Petition as a matter of law[?]

*Turner/Finley* Brief at 9.

Before we consider Appellant's issues, we must review counsel's request to withdraw. PCRA counsel seeking to withdraw under *Turner/Finley* must submit a brief "[1] detailing the nature and extent of counsel's diligent review of the case, [2] listing the issues which the petitioner wants to have reviewed, [3] explaining why and how those issues lack merit, and [4] requesting permission to withdraw." *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007). "Counsel must also send to the petitioner: (1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new

---

[2] Appellant additionally filed a *pro se* notice of appeal on June 8, 2023 at docket number 1604 EDA 2023. On October 4, 2023, this Court dismissed the appeal filed at 1604 EDA 2023 as duplicative of the instant appeal.

counsel." ***Id.*** If counsel satisfied these requirements, we then conduct an independent review of the merits, and if we agree with counsel, we will grant counsel's application to withdraw and affirm the denial of PCRA relief. ***Id.***

We conclude that counsel satisfied the requirements of ***Turner/Finley*** as he detailed his review of this case, set forth Appellant's requested claim, determined that Appellant's PCRA claim was barred because Appellant was no longer serving a sentence, and requested to withdraw as counsel. Counsel also provided Appellant with a copy of the brief and application to withdraw attached to a December 11, 2023 letter explaining Appellant's options to proceed with the appeal. Having found that counsel met the technical requirements, we next conduct an independent analysis of Appellant's claim seeking PCRA relief.

After careful review, we conclude that Appellant is not eligible for relief under the PCRA. To be eligible for relief, a "petitioner must plead and prove by a preponderance of the evidence[,]" *inter alia*, that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i); ***see also Commonwealth v. Plunkett***, 151 A.3d 1108, 1109-10 (Pa. Super. 2016). Appellant's counsel acknowledges that Appellant is no longer serving his 2004 sentence of one to three years of imprisonment. ***Turner/Finley*** Brief at 11. Thus, we conclude that the PCRA court properly dismissed Appellant's PCRA petition as he is plainly not eligible for relief.

- 4 -

Accordingly, we grant Appellant's counsel's application to withdraw and affirm the PCRA court's order dismissing Appellant's PCRA petition.[3]

Application for Leave to Withdraw as Counsel granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/22/2024

---

[3] We acknowledge that the trial court did not dismiss the petition based on the expiration of Appellant's sentence. Instead, the trial court dismissed Appellant's PCRA based on its conclusion that Officer Spicer's alleged misconduct "did not impact the outcome of [Appellant's] case" because the misconduct occurred after Appellant's arrest and trial. PCRA Ct. Op. at 2. Nevertheless, we may affirm a court's decision on any basis. *See In re Jacobs*, 15 A.3d 509 n.1 (Pa. Super. 2011) ("[This Court is] not bound by the rationale of the trial court[] and may affirm on any basis.").