J-S10010-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK WILSON | : | |
| | : | |
| Appellant | : | No. 1005 MDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered June 26, 2025
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004750-2023

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED MAY 21, 2026**

Appellant, Mark Wilson, appeals from the June 26, 2025 judgment of sentence of 9 to 18 years of incarceration entered in the York County Court of Common Pleas following his conviction by a jury of Aggravated Assault and related offenses. Appellant challenges the trial court's denial of his motion to dismiss pursuant to Pa.R.Crim.P. 600 and the sufficiency of the evidence supporting his conviction of Aggravated Assault. After careful review, we affirm.

The relevant facts and procedural history are as follows. On July 10, 2023, Appellant appeared at a scheduled meeting with his parole officers, at which the parole officers attempted to detain him. Appellant refused to comply with commands and aggressively resisted detention, shoving and kicking the officers in an attempt to escape the office. As Appellant was trying

to escape, he propelled a parole officer ("Victim") headfirst into a wall, causing a concussion that required hospital treatment. Several officers eventually tackled Appellant to the ground, where he continued to struggle until the officers placed him in handcuffs due to his continued refusal to comply.

On July 10, 2023, the Commonwealth filed a complaint charging Appellant in relation to this incident. On January 10, 2025, Appellant filed a motion to dismiss pursuant to Pa.R.Crim.P. 600. On January 28, 2025, the court denied the motion to dismiss after a hearing.

On January 31, 2025, Appellant filed a motion to reconsider, asserting that the Commonwealth had failed to act with due diligence over the life of the case because it had failed to pass certain discovery to the defense. The court denied the motion without a hearing.

On March 10, 2025, the case proceeded to a jury trial. On March 11, 2025, the jury convicted Appellant of Aggravated Assault, Terroristic Threats, Simple Assault, and Resisting Arrest.[1] On May 20, 2025, the court sentenced Appellant to 9 to 18 years of incarceration.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Did the [trial] court abuse its discretion in denying [Appellant's] [m]otion to [d]ismiss [p]ursuant to Pa.R.Crim.P. 600 where it excluded a period of judicial delay despite the Commonwealth's

---

[1] 18 Pa.C.S. §§ 2702(a)(2), 2706(a)(1), 2701(a)(1), and 5104, respectively.

failure to prove it exercised due diligence in bringing the case to trial?

2. Was the evidence insufficient to convict [Appellant] of [A]ggravated [A]ssault where the testimony did not establish beyond a reasonable doubt that, in the process of trying to avoid being taken into custody, he was reckless in causing serious bodily injury to a parole agent?

Appellant's Br. at 4.

**A.**

In his first issue, Appellant challenges the denial of his Rule 600 motion and his motion to reconsider that ruling. We review the denial of a Rule 600 motion for an abuse of discretion. *See Commonwealth v. Robbins*, 900 A.2d 413, 415 (Pa. Super. 2006). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused." *Commonwealth v. Thompson*, 93 A.3d 478, 486 (Pa. Super. 2014) (citation omitted).

Our scope of review "is limited to the evidence on the record of the Rule 600 evidentiary hearing[] and the findings of the trial court." *Id.* (citation omitted). Additionally, we "must view the facts in the light most favorable to the prevailing party." *Id.* (citation omitted).

Rule 600 requires the Commonwealth to bring a defendant to trial within 365 days of the filing of the criminal complaint. Pa.R.Crim.P. 600(A)(2)(a); *see also Commonwealth v. Lear*, 325 A.3d 552, 560 (Pa. 2024).

> Rule 600 has the dual purpose of both protecting a defendant's constitutional speedy trial rights and protecting society's right to effective prosecution in criminal cases. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it.

*Commonwealth v. Graves*, 328 A.3d 1005, 1008 (Pa. Super. 2024), *reargument denied* (Jan. 31, 2025) (citation omitted). Significantly, "the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth." *Thompson*, 93 A.3d at 486-87 (citation omitted). Thus, "[s]o long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime." *Id.* at 487 (citation omitted).

Where a defendant is not brought to trial within that 365-day period, a defendant may seek dismissal of the charges. Importantly, "to obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion to dismiss the charges." *Commonwealth v. Hyland*, 875 A.2d 1175, 1189 (Pa. Super. 2005).

The first step in conducting a Rule 600 analysis is to calculate the "mechanical run date." *Commonwealth v. Lynn*, 815 A.2d 1053, 1056 (Pa. Super. 2003). "The mechanical run date is the date by which the trial must commence under Rule 600. It is calculated by adding 365 days . . . to the date on which the criminal complaint is filed." *Id.* (citation omitted).

Rule 600(C) provides that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). When delays are not caused by the Commonwealth, those periods of time, known as "excludable" periods, are "added to the 'mechanical run date' to produce the 'adjusted run date.'" *Lear*, 325 A.3d at 560 (citation omitted). The adjusted run date ("ARD") provides "the deadline for the Commonwealth to bring the defendant to trial under Rule 600." *Id.* "[T]ime attributable to the normal progression of the case simply is not 'delay' for purposes of Rule 600 [] and, thus, counts toward the 365-day deadline." ***Commonwealth v. Walker***, 331 A.3d 43, 47 (Pa. Super. 2025) (citing ***Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017)) (internal quotation marks omitted).

To determine whether delays are excludable from the Rule 600 calculation, the Rule requires that the cause of the delay must first be determined before courts may consider whether the Commonwealth acted with due diligence throughout the life of the case. *Walker*, 331 A.3d at 46. "[I]t is only when the Commonwealth both caused the delay and lacked due diligence that the delay is properly included in the Rule 600 calculation." *Lear*, 325 A.3d at 560 n.7. "Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Walker*, 331 A.3d at 46 (citation omitted).

- 5 -

Here, the Commonwealth filed the complaint on July 10, 2023, thus, the mechanical run date was July 9, 2024. All parties agree that the defense caused an excludable 152-day period of delay, bringing the ARD to December 8, 2024. Further, the trial court found that the magistrate district judge caused an excludable 35-day period of court delay by *sua sponte* continuing the preliminary hearing from August 3, 2023, to September 7, 2023, bringing the ARD to January 12, 2025.

Factoring in the periods of excludable time identified by the parties, Appellant filed his January 10, 2025 motion to dismiss two days before the January 12, 2025 ARD. As a defendant must have "a valid Rule 600 claim **at the time** he files his motion to dismiss[,]" we conclude that the court properly denied Appellant's motion to dismiss and his motion to reconsider.[2] **Hyland**, 875 A.2d at 1189 (emphasis added).

We acknowledge that Appellant's argument on appeal focuses solely on the Commonwealth's due diligence over the life of the case, as he asserts that the Commonwealth failed to accord the case sufficient priority on the trial lists and failed to pass certain discovery documents to the defense. Appellant's Br. at 19-32. He acknowledges that the continuance of the preliminary hearing constituted "judicial delay," but asserts that the court must nevertheless

---

[2] While the trial court's calculation of the ARD differed slightly from our calculation, the trial court still properly denied the Rule 600 motion and we affirm the trial court's decision, just on a different basis. **See In re Jacobs**, 15 A.3d 509 n.1 (Pa. Super. 2011) ("[This Court is] not bound by the rationale of the trial court [] and may affirm on any basis.").

consider "whether the Commonwealth exercised due diligence in bringing the case to trial." *Id.* at 19, 21.

In support of his argument that the court must analyze the Commonwealth's due diligence over the life of the case, Appellant cites to *Commonwealth v. Harth*, 252 A.3d 600 (Pa. 2021), which has since been limited by *Lear*. Appellant's Br. at 22. The *Lear* Court has clarified that "the causation analysis precedes the due diligence inquiry, and it is only when the Commonwealth both caused the delay and lacked due diligence that the delay is properly included in the Rule 600 calculation." 325 A.3d at 560 n.7.

Since it was the magistrate court that *sua sponte* continued the preliminary hearing, the Commonwealth did not cause the delay and we need not address the due diligence of the Commonwealth. Appellant's argument thus fails to garner relief.

**B.**

Appellant next argues that the evidence was insufficient to support his conviction of Aggravated Assault. Appellant's Br. at 33-37. He asserts that the testimony did not establish beyond a reasonable doubt that Appellant was reckless in causing serious bodily injury to Victim because "all the testimony indicated [Appellant] was trying to escape and not to hurt anyone." *Id.* at 33. Appellant argues that he did not intentionally or recklessly cause serious bodily injury, instead characterizing his actions as "an instinctual, spur-of-the-moment decision to try to avoid being taken into custody that happened to result in a concussion." *Id.* at 35.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). "We review claims regarding the sufficiency of the evidence by considering whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Miller***, 172 A.3d 632, 640 (Pa. Super. 2017) (internal quotation marks and citation omitted). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." ***Id.*** "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." ***Id.***

Section 2702(a)(2) of the Crimes Code defines aggravated assault as follows: "A person is guilty of aggravated assault if he . . . attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c)[.]" 18 Pa.C.S. § 2702(a)(2). The definition of protected "officers" under Section 2702(a)(2) includes parole officers. ***Id*** at § 2702(c)(3).

As applied to the offense of Aggravated Assault, "serious bodily injury" is defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. This Court

has held that "concussing someone during an assault is sufficient evidence of 'serious bodily injury' under [Section 2301.]" *Commonwealth v. Santiago*, 294 A.3d 482, 486 (Pa. Super. 2023).

"A person acts intentionally with respect to a material element of an offense when . . . it is his conscious object to engage in conduct of that nature or to cause such a result[.]" 18 Pa.C.S. § 302(b)(1)(i). The Commonwealth can prove intent to cause serious bodily injury by wholly circumstantial evidence, and the factfinder may infer intent "from acts or conduct, or from attendant circumstances." *Commonwealth v. Holley*, 945 A.2d 241, 247 (Pa. Super. 2008) (citations omitted). "In determining whether the Commonwealth proved the Appellant had the requisite specific intent, the factfinder is free to conclude [that] the accused intended the natural and probable consequences of his actions[.]" *Commonwealth v. Lewis*, 911 A.2d 558, 564 (Pa. Super. 2006).

The trial court found that the Commonwealth presented sufficient evidence to support the Aggravated Assault conviction:

> [Victim] described how, during the struggle in a confined hallway, . . . [Victim] was slammed head-first against the wall[.] . . . The testimony demonstrates conduct far exceeding passive resistance. [Appellant's] decision to violently thrash and push while several officers attempted to restrain him, in close quarters, created a substantial risk of bodily injury. That risk was realized when [Victim] sustained a concussion that required medical intervention and caused significant loss of work time. The aggravated assault statute encompasses reckless conduct . . . [and Appellant] acted with reckless disregard for officer safety under circumstances manifesting extreme indifference to human life.

Trial Ct. Op. at 7.

Following our review of the evidence, we agree with the trial court that, when viewed in the light most favorable to the Commonwealth as verdict-winner, the Commonwealth presented sufficient evidence from which the jury could reasonably conclude that Appellant had caused serious bodily injury and, thus, committed the offense of Aggravated Assault. Appellant conflates motivation and intent, arguing that his motivation to avoid arrest meant that he did not possess an intent to commit bodily injury. However, regardless of Appellant's motivation, Appellant's acts and conduct—fighting, shoving, and kicking parole officers in a narrow hallway—demonstrated an intent to cause serious bodily injury to the officers. When Appellant shoved Victim against a wall, the resulting concussion was a natural and probable consequence of his actions. **See Lewis**, 911 A.2d at 564 (fact-finder can conclude that accused intended natural and probable consequences of his actions).

Appellant analogizes his case to **Commonwealth v. Smith**, 305 A.3d 1 (Pa. Super. 2023),[3] in which the Commonwealth charged an off-duty police officer with, *inter alia*, Simple Assault after he knocked the victim against a wall and restrained him, causing injury. **Smith**, 305 A.3d at 4-5. Following a preliminary hearing, the municipal court dismissed all charges and this Court affirmed, finding that the Commonwealth had not established a *prima facie*

_____

[3] This opinion was affirmed *per curiam* by an equally divided Supreme Court. **See Commonwealth v. Smith**, 337 A.3d 375 (Pa. 2025) (*per curiam*).

case of Simple Assault because the perpetrator intended to detain the victim, not injure him. *Id.* at 11.

Although Appellant argues that, like the perpetrator in *Smith*, Appellant also did not intend to harm Victim when he knocked Victim into a wall,[4] Appellant's reliance on *Smith* is inapt as that case is both procedurally and factually distinguishable. Unlike *Smith*, we are not reviewing whether the Commonwealth presented a *prima facie* case; rather, this appeal requires that we evaluate the sufficiency of the evidence supporting the jury's verdict to determine whether each element of the offense has been proven. Moreover, the *Smith* Court emphasized that "there was no testimony that [the perpetrator] hit, kicked, or otherwise attempted to harm [the victim] after he was subdued," while here, Appellant violently struggled for a prolonged period of time while ignoring repeated commands from parole officers until finally being handcuffed to prevent further injuries. *Id.* Appellant's analogy, thus, fails to garner relief.

In sum, we conclude that the Commonwealth presented sufficient evidence that Appellant committed the offense of Aggravated Assault, and we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[4] Appellant's Br. at 36-37.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/21/2026