**Appeal of J.K.**

Superior Court of Pennsylvania.

Submitted June 11, 1991.

Filed Sept. 5, 1991.

560

John W. Packel and Bradley S. Bridge, Asst. Public Defenders, Philadelphia, for appellant.

John W. Wiggins, Asst. City Sol., Philadelphia, for Com., participating party.

Before MONTEMURO, BECK and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from the February 15, 1990 order of the Court of Common Pleas of Philadelphia County denying appellant's motion for reconsideration of a previous order certifying involuntary treatment of appellant. We reverse.

On October 30, 1989, a mental health review officer recommended that appellant, J.K., be certified for involuntary treatment pursuant to 50 P.S. § 7304.[1] Appellant petitioned for review of that order on November 8, 1989, pursuant to 50 P.S. § 7109, which provides for a right to review of a mental health officer's decision by the court of common pleas within seventy-two (72) hours after the petition is filed. The trial judge initially scheduled a hearing for November 15, 1989. This hearing was subsequently continued until November 22, 1989 when the trial judge issued an order certifying appellant for involuntary treatment.[2] Also on November 22, 1989, a Mental Health Review Officer held a hearing on separate petition for involuntary treatment of appellant pursuant to 50 P.S. § 7305.[3] Appellant then filed a motion for reconsideration of the section 7304 certification with the trial court on December 1, 1989 and the trial judge stayed his previous order certifying appellant. On February 15, 1990, the trial judge dismissed the motion for reconsideration with prejudice. This timely appeal of the section 7304 certification followed.

Appellant raises the following issues for our review:

1. 50 P.S. § 7304 allows for involuntary treatment of a person for a period not to exceed ninety (90) days upon a finding of a clear and present danger that the person may commit serious bodily harm to others, that the person is unable to care for himself, thereby creating a danger of death or serious bodily harm to himself, or that the person may attempt suicide or self-mutilation.

2. Although the record and the lower court's opinion indicate that the November 15, 1989 hearing was continued until November 22, 1989, on request of counsel for appellant, the order certifying his involuntary treatment was not signed until November 30, 1989. No explanation is given for this delay.

3. Section 7305 provides for additional involuntary treatment after a period of court-ordered involuntary treatment has expired.

1. Should not J.K.'s commitment be vacated and the hospital records expunged where, as the mental Health Review Officer and all other parties agreed, the Mental Health Procedures Act was violated because a record of the § 303 and § 304 hearing was not properly maintained;

2. does not the failure of the Court of Common Pleas to hold a review hearing within 72 hours as required by statute and this court's decision in *In re S.O.*, 342 Pa.Super. 215 [492 A.2d 727] (1985) mandated that J.K.'s commitment be vacated and his hospital records expunged?

Because we reverse on appellant's second issue, we need not consider the adequacy of the transcription of the hearing before the Mental Health Review Officer.[4]

In its opinion filed pursuant to Pa.R.A.P., Rule 1925, 42 Pa.C.S.A., the lower court deemed appellant's petition moot in light of the certification of involuntary treatment under section 7305 of the Mental Health Act. The trial judge gave no reason for his initial delay in conducting a hearing on appellant's petition to reconsider, but stated that he had authority to exercise his discretion consistent with the interests of justice, the welfare of appellant, the community and the spirit of the Mental Health Procedures Act. Lower court opinion, 12/7/90 at 4. He reasoned that there was some question as to whether appellant wanted to pursue his appeal on the section 304 treatment. Moreover, since appellant was subsequently certified for involuntary treatment under section 305, reconsideration of the previous section 304 certification was moot.

---

**4.** We note however, that 50 Pa.C.S.A. § 7303(c)(2) provides:

a record of the proceedings which need not be a stenographic record shall be made. Such a record shall be kept by the court or mental health review officer for at least one year.

The purpose of this rule is to provide an effective method for reviewing the hearing of the mental health officer. It is the duty of the mental health officer who conducts an informal hearing pursuant to the Mental Health Procedures Act to take all means necessary to maintain an adequate record.

■ We note that although a commitment period in question may have expired or may have been superseded by a subsequent commitment order, a live controversy still exists since involuntary commitment orders involve important liberty interests over which we must maintain appellate vigilance. *In re S.O.*, 342 Pa.Super. 215, 227, 492 A.2d 727, 733 (1985). Therefore, despite the subsequent order involuntarily committing appellant pursuant to section 305, the prior section 304 commitment order is still appealable to this court.

■ Appellant argues that the section 304 commitment must be vacated and the record relating to this proceeding be expunged because appellant did not receive a hearing to review the Mental Health Officer's recommendation within the mandated seventy-two hour period. We agree. Title 50 P.S. § 7109, which describes the function of the Mental health review officer, states in pertinent part:

(b) In all cases in which the hearing is conducted by a mental health review officer, a person made subject to treatment shall have the right to petition the court of common pleas for review of the certification. A hearing shall be held within 72 hours after the petition is filed unless a continuance is requested by the person's counsel.

Appellant argues that this section mandates that the trial judge should have conducted a review hearing within 72 hours of counsel filing a petition for reconsideration. More importantly, we have previously held that section 7109 is apposite in construing section 7304, finding that a Mental Health Review Officer may not issue a final order appealable to this court and, so that a final order might issue, recourse must be had to the review procedures outlined in section 7109. *Id.*, 342 Pa.Superior Ct. at 229, 492 A.2d at 734.

In *In re S.O., supra*, we found that a hearing pursuant to section 7109 must be conducted within seventy-two hours after the filing of the petition for review. This period is an adequate evaluation time frame for an initial deprivation of liberty and is similarly adequate for ongoing detention, during which treatment data is continually recorded. *Id.*,

342 Pa.Superior Ct. at 230, 492 A.2d at 735. A legally sufficient hearing can be conducted within that period, thus limiting restrictions on liberty to the minimum required under the circumstances. *Id.*

▆ Instantly, appellant petitioned the court of common pleas to review the Mental Health Review Officer's certification on November 8, 1989. The court however, did not even schedule a hearing until November 15, 1989.[5] We find that the trial court was not justified in scheduling the initial hearing for November 15, 1989. The trial judge was required, consistent with the language in section 7109 to schedule the hearing within 72 hours from the filing of the petition for review. We cannot stress emphatically enough that the trial judge has *no* discretion to hold this hearing outside of the seventy-two hour period prescribed in section 7109, absent a request for continuance from the defendant's counsel.

▆ This court has concluded that where the procedural requirements are not fulfilled the commitment is unlawful. *Id.*, 342 Pa.Superior Ct. at 234, 492 A.2d at 737. Therefore, the proper remedy in this case is to vacate the certification for involuntary treatment and expunge appellant's record in this section 7304 matter.

The order of November 30, 1989, vacated; appellant's record in this section 7304 matter to be expunged.

---

5. The court subsequently continued this hearing until November 22, 1989 on the request of appellant's counsel, who was then hospitalized. This continuance, however, is not germane to the issue on appeal since the trial court erred by initially scheduling the hearing on appellant's petition for review outside of the mandated seventy-two (72) hour period.