In re James P. RYAN.

Superior Court of Pennsylvania.

Submitted Aug. 20, 2001.

Filed Oct. 5, 2001.

Galen R. Waltz, Carlisle, for appellant.

Robert O'Brien, Carlisle, for Cumberland Perry Mental Health/Mental Retardation.

Before: JOHNSON, J., STEVENS, J., and CERCONE, President Judge Emeritus.

CERCONE, President Judge Emeritus.

¶ 1 Appellant, James Ryan, appeals from the Trial Court order dated April 27,

2001[1] denying his petition for review of the order directing extended involuntary mental health treatment, and denying his petition for a writ of habeas corpus. We reverse.

¶ 2 On April 11, 2001, Appellant was involuntarily admitted to Holy Spirit Hospital for emergency mental health evaluation and treatment pursuant to section 7302 of the Mental Health Procedures Act.[2] On April 13, 2001, a representative of social services[3] filed an application for extended involuntary treatment pursuant to section 7303, and, on April 16, 2001, an informal hearing was held before a mental health review officer. After the hearing, the mental health review officer certified that Appellant was severely mentally disabled and ordered an additional twenty days of mental health treatment. Three days later, on April 19, 2001, Appellant petitioned the trial court for review of the certification and requested that he be discharged from the hospital and that all records of his involuntary treatment be expunged, because the hearing for extended treatment violated the 24 hour time limit mandated by section 7303 for such hearings. A hearing on Appellant's petition was scheduled by the Trial Court for May 1, 2001. On April 26, 2001, Appellant filed a petition for a writ of habeas corpus requesting his immediate discharge. In this petition, Appellant presented the same argument as in his prior petition, but added an allegation that the 72 hour time limit mandated by section 7303 for review hearings had also been violated. A telephone conference was held on April 27, 2001, following which the Trial Judge denied both Appellant's petition for review of the certification and his petition for a writ of habeas corpus. Appellant's notice of appeal was filed on May 3, 2001.

■ ¶ 3 Appellant presents two issues for our review:

Does the failure to convene a "50 P.S. Section 7303" mental health hearing within twenty-four (24) hours of the filing of the Petition for extended emergency care violate a patients [sic] right of freedom from illegal restraint and further violate the due process rights of the patient under Section 7303?

Does the trial court's failure to convene a mental health hearing within seventy-two (72) hours after the filing of a Petition for Appeal from involuntary commitment violate the Petitioner's right of due process?

Appellant's Brief at iv. Essentially, he contends that the informal hearing before the mental health officer concerning the application for extended treatment, and the review hearing before the Trial Court concerning the mental health officer's certification and order, both exceeded the statutorily mandated time limits for such hearings, thus depriving him of due process. Therefore, he argues, all records pertaining to his involuntary commitment should be expunged.[4]

---

1. This order was filed April 30, 2001. Docket entry # 2.

2. 50 P.S. §§ 7101–7503.

3. On the application, the petitioner, Carol Ann Randall, wrote that she was from social services. Presumably, Ms. Randall is a representative of Appellee, Perry County Mental Health and Mental Retardation Unit.

4. We note that although Appellant's involuntary commitment has expired and he has been released, his appeal is not moot because the issues are "capable of repetition and may evade review." We may review the issues, vacate the involuntary commitment order, and expunge the records. *In re R.D.*, 739 A.2d 548 (Pa.Super.1999); *See also In re J.K.*, 407 Pa.Super. 559, 595 A.2d 1287 (1991) (expired commitment order appealable because of important liberty issues involved).

¶ 4 Under section 7303, when a facility deems a patient to be in need of additional care beyond the 120 hours of emergency care authorized by section 7302, an application to extend treatment may be filed in the trial court and an informal hearing held within 24 hours of the filing of the application. 50 P.S. § 7303(a)-(b). After the hearing, if the judge or mental health review officer certifies the patient as severely mentally disabled, he may authorize up to an additional twenty days of treatment. 50 P.S. § 7303(c),(f). When this certification is made by a mental health review officer as opposed to a judge, the patient may petition the trial court to review the certification. 50 P.S. § 7303(g). A hearing is to be held within 72 hours of the filing of that petition. *Id.*

¶ 5 We turn our attention first to the 24 hour time limit set for conducting an informal hearing on an application for extended involuntary treatment. There is some question in this case as to when the application was filed. Appellant contends that the application was filed on April 13, 2001, and the hearing held on April 16, 2001, clearly beyond the 24 hour time limit. A review of the four page application reveals that Part I, Request for Certification, is dated April 13, 2001. Part II, Patient's Rights, and Part III containing the physician's examination and the results thereof are also dated April 13, 2001. However, Part IV, which includes the certification and order for extended treatment signed by the mental health review officer, is dated April 16, 2001, and was presumably completed following the hearing, because certification could not take place absent a hearing. Both parties agree that the hearing took place on April 16, 2001. The actual filing of the application with the Prothonotary did not take place until April

18, 2001, two days after the hearing. Docket entry # 4.

■ ¶ 6 Section 7303 provides that once it is determined that treatment beyond the initial 120 hours will likely be needed, the application for extended treatment "shall be filed forthwith in the court of common pleas" and that "within 24 hours after the application is filed, an informal hearing shall be conducted." 50 P.S. § 7303(a)-(b). In other words, the application is to be filed with the court of common pleas before the hearing is held, and the hearing is to be within 24 hours after that filing. We are presented with the opposite situation here. The hearing was held before the application was filed. Thus, it appears that proper procedure under section 7303 was not followed and the 24 hour time limit violated.

■ ¶ 7 In this unusual situation one might also argue, as Appellant does, that filing occurred when the application was completed and notice of the hearing was given to Appellant. Appellant contends that his attorney, the attorney for the Commonwealth, and the mental health review officer were contacted on April 13, 2001 and the hearing was scheduled for April 16, 2001.[5] Appellee, the Perry County Mental Health and Mental Retardation Unit (MH/MR), does not dispute this contention. Even were we to hold for purposes of this appeal that the application was filed on April 13, 2001, when it was completed and the parties notified, still the 24 hour time limit would have been violated, because the hearing was held three days later.

¶ 8 MH/MR argues that "filing occurs when the Mental Health Review Officer, the Public Defender and the MH/MR County Solicitor meet to convene the hearing." MH/MR Brief at 3. However,

---

**5.** Appellant does not say who contacted his    attorney and the other participants.

MH/MR also claims that section 7303 certification is an ongoing procedure which culminates in the filing with the Prothonotary of the completed application for extended treatment after the hearing is completed. MH/MR further claims that this procedure complies with due process, because it is conducted within the initial 120 hours of emergency treatment authorized by section 7302. *Id.*

■ ¶ 9 We cannot agree with MH/MR's argument. First, filing cannot occur both when the hearing is convened and then later when it is presented to the Prothonotary after the mental health officer completes the certification and order. Second, as explained above, section 7303 provides that the application shall be filed with the court of common pleas, and the hearing held subsequent to the filing. There is no provision which allows filing to occur contemporaneously with or after the hearing. Moreover, filing must be in the court of common pleas. Finally, the fact that the hearing was held within the initial 120 hour emergency commitment period does not relieve MH/MR of its duty to adhere to the timing requirements of section 7303(b). It is logical to presume that most, if not all, hearings on applications for extended treatment are held within the initial 120 hour emergency commitment period, because the purpose of the hearing is to decide whether to extend the 120 hour commitment to a 20 day commitment. It would be illogical to hold such a hearing after the 120 hour commitment had expired and the patient had been released. Regardless, the hearing is to be held within 24 hours of the filing of the application. That was not accomplished in this case.

¶ 10 Regarding the review hearing subsequently held by the Trial Court, both parties and the Trial Court agree that the 72 hour time limit applicable to review hearings was violated. The mental health review officer ordered extended treatment on April 16, 2001. The petition for review was filed on April 19, 2001, but the review hearing was not scheduled until May 1, 2001, well beyond the 72 hours mandated by section 7303(g).

■ ¶ 11 The question now becomes whether Appellant's due process rights were violated as a result of MH/MR and the Trial Court failing to adhere to the timing requirements of the relevant sections of the Mental Health Procedures Act. "It is well settled that involuntary civil commitment of mentally ill persons constitutes deprivation of liberty and may be accomplished only in accordance with due process protections." *In re Hutchinson,* 500 Pa. 152, 156, 454 A.2d 1008, 1010 (1982); *In re Hancock,* 719 A.2d 1053 (Pa.Super.1998).

> The legislative policy reflected in the Mental Health Procedures Act is to require that strict conditions be satisfied before a court order for commitment shall be issued ... Such a policy is in accord with the recognition that commitment entails a massive deprivation of liberty. Collateral consequences, too, may result from the stigma of having been adjudged mentally ill ... Numerous restrictions and routines are imposed in a mental hospital ... [and] are designed to aid and protect the mentally ill persons, even those already in custody for other reasons, who do not need such treatment should not be subjected to it. Indeed, a person who is mistakenly committed to a mental hospital might suffer serious psychological damage. For these reasons, strict adherence to the statutory requirements is to be compelled.

*Commonwealth v. Hubert,* 494 Pa. 148, 153, 430 A.2d 1160, 1162 (1981). The time limitations mandated by section 7303 were instituted to protect the due process rights

**808**

of those subject to involuntary commitment and must be strictly followed. Both the 24 hour time limit for an informal hearing on an application for extended treatment, and the 72 hour time limit for a review hearing were violated in this case, constituting a deprivation of liberty; therefore, Appellant's due process rights were violated. Accordingly, we vacate the certification for involuntary treatment pursuant to section 7303, and direct that all records pertaining to this matter be expunged. *Cf. In re J.K.*, 407 Pa.Super. 559, 595 A.2d 1287 (P1991) (trial court failed to hold review hearing of certification for 90 day extended treatment under section 7304 within 72 hours. Superior Court subsequently held that because procedural requirements were not followed, the commitment was unlawful, and vacated the certification and expunged the records.); *Wolfe v. Beal*, 477 Pa. 477, 384 A.2d 1187 (1978) (Pennsylvania Supreme Court ordered destruction of hospital records pertaining to appellant's unlawful commitment to mental hospital, where appellant's due process rights were violated under Mental Health and Mental Retardation Act of 1966).

¶ 12 Order reversed. Certification and order for extended treatment vacated. Records of section 7303 commitment to be expunged. Jurisdiction relinquished.