J-E02002-17

2018 PA Super 30

| | |
|---|---|
| IN RE:  PETITION OF J.M.Y. ALLEGHENY COUNTY DEPARTMENT OF BEHAVIORAL HEALTH AND THE PENNSYLVANIA STATE POLICE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF:  J.M.Y. | No. 1323 WDA 2015 |

Appeal from the Order March 10, 2015
In the Court of Common Pleas of Allegheny County
Orphans' Court at No(s): CC 1419 of 2014

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., BOWES, J., SHOGAN, J.,
        LAZARUS, J., OLSON, J., OTT, J., STABILE, J., and DUBOW, J.

DISSENTING OPINION BY OLSON, J.:          FILED FEBRUARY 14, 2018

I must respectfully dissent from the learned majority's decision in this case.  I believe that our courts do not have jurisdiction to review the sufficiency of Appellant's commitment under 50 P.S. § 7303 (hereinafter "Section 303") or to expunge the record of Appellant's Section 303 commitment.  Further, since the courts cannot expunge the record of Appellant's Section 303 commitment, Appellant's claim of error with respect to his commitment under 50 P.S. § 7302 (hereinafter "Section 302") is moot. I would thus affirm the trial court's order.

On November 24, 2014, Appellant filed a petition, under 18 Pa.C.S.A. § 6111.1(g), to expunge the record of his involuntary civil commitment under both Section 302 and Section 303 of the Mental Health Procedures Act.  See Appellant's Petition to Vacate and Expunge Involuntary Civil Commitment

(hereinafter "Appellant's Petition"), 1/24/14, at 1; see also 18 Pa.C.S.A. § 6111.1(g). Appellant attached to his petition the records concerning his involuntary commitments under Sections 302 and 303. See Appellant's Petition, 1/24/14, at Exhibits 1, 6, and 7. The record concerning his Section 303 commitment declares that, while Appellant was being treated pursuant to Section 302, the attending psychiatrist filed an application for Appellant to receive extended involuntary emergency treatment under Section 303. Id. at Exhibit 6. The record further declares that a hearing occurred in the matter and that, after the hearing, a mental health review officer certified Appellant for extended involuntary treatment under Section 303. Id. at Exhibit 7.

The Section 303 certification was issued on September 25, 2012 (or, over two years before Appellant filed the current petition) and declares:

In The Court of Common Pleas of Allegheny County, Pennsylvania

Orphans Court Division

IN RE: CIVIL COMMITMENT          []
        OF
        [APPELLANT]

CERTIFICATION

AND NOW, this 25th day of September, 2012, a hearing having been held on a Petition of Extended Involuntary Treatment of [Appellant], Respondent, under Section 303 of the Mental Health Procedures Act of 1976, as amended by Act 324 of 1978, the Respondent having been present and represented by the Office of Public Defender, upon consideration of the testimony of F. DePietro, MD., a physician on the staff of WPIC, your Mental Health Review Officer finds that the Respondent is severely

- 2 -

mentally disabled and presents a clear and present danger to himself/herself or others; and certifies that he/she shall receive:

. . .

[X]    Out-Patient Treatment

. . .

which is the least restrictive appropriate treatment for the Respondent at WPIC / Blair Co. MH Hospital, pursuant to the provisions of the Mental Health Procedures Act, for a period not to exceed [20] days from the date of this Certification.

/s Robert Zunich
MENTAL HEALTH REVIEW OFFICER

Patient Attended YES ____   NO _X_

Contested _____

Uncontested:  Voluntary ____
             Stipulation _X_      /s      E.S._____
                             Patient's Counsel's signature required

[Patient is a Resident of BLAIR County]

Section 303 Certification, 9/25/12, at 1 (attached as Exhibit 7 to Appellant's Petition) (some internal emphasis and italicization omitted).

As the majority correctly notes, "prevailing case law has interpreted 18 Pa.C.S.A. § 6111.1(g) as providing no opportunity to obtain expungement of a mental health record pursuant to a commitment under section 303 and only allows for a trial court to review commitments under section 302." Majority Opinion at 4.[1]  This is for good reason:  the specific language of Section

_____

[1] See also In re Jacobs, 15 A.3d 509, 511 (Pa. Super. 2011) ("18 Pa.C.S.A. § 6111.1(g) provides no opportunity to obtain expunction of mental health

6111.1(g) only allows a trial court to review the sufficiency of a Section 302 commitment and the statutory language only authorizes a trial court to expunge the record of a Section 302 commitment. To be sure, the relevant portion of Section 6111.1(g) declares:

> (2) A person who is involuntarily committed pursuant to section 302 of the Mental Health Procedures Act may petition the court to review the sufficiency of the evidence upon which the commitment was based. If the court determines that the evidence upon which the involuntary commitment was based was insufficient, the court shall order that the record of the commitment submitted to the Pennsylvania State Police be expunged. . . .

18 Pa.C.S.A. § 6111.1(g)(2) (emphasis added).

Section 6111.1(g)(2) simply does not authorize a trial court to review the sufficiency of a Section 303 commitment or to expunge the record of such commitment. The learned majority is apparently aware of this fact, as the majority never explicitly declares that Section 6111.1(g)(2) allows it to review Appellant's Section 303 commitment or to direct that Appellant's Section 303 records be expunged. See Majority Opinion at 4-7.

With Section 6111.1(g)(2) providing no avenue of jurisdiction in this case, how does the majority conclude that it (or any court) has jurisdiction to

_____

records pursuant to a commitment under § 7303. . . . [A trial] court ha[s] no jurisdiction under 18 Pa.C.S.A. § 6111.1(g) to review [a petitioner's] commitment under § 7303. [Section 6111.1(g)] only imbues the lower court with jurisdiction to review commitments under § 7302"); In re Keyes, 83 A.3d 1016, 1024 (Pa. Super. 2013) ("we are aware of no authority, statutory or decisional, that provides for the expunction of a mental health commitment record where the commitment was obtained pursuant to 50 P.S. § 7303").

review the sufficiency of a Section 303 commitment that was finalized over two years before Appellant filed his current petition? The majority certainly cannot ground its assertion of jurisdiction in any statute.

Initially, 50 P.S. § 7303(g) sets the statutory procedure for appealing a Section 303 certification, where the certification was made by a mental health review officer. 50 P.S. § 7303(g) provides:

> (g) Petition to Common Pleas Court.--In all cases in which the hearing was conducted by a mental health review officer, a person made subject to treatment pursuant to this section shall have the right to petition the court of common pleas for review of the certification. A hearing shall be held within 72 hours after the petition is filed unless a continuance is requested by the person's counsel. The hearing shall include a review of the certification and such evidence as the court may receive or require. If the court determines that further involuntary treatment is necessary and that the procedures prescribed by this act have been followed, it shall deny the petition. Otherwise, the person shall be discharged.

50 P.S. § 7303(g).

Further, as our Supreme Court has explained, "[i]n proceedings under the [Mental Health Procedures Act], the case is [] heard by the [mental health review officer], a law-trained, quasi-judicial officer who prepares a certification of findings as to the reasons that extended involuntary treatment is necessary. . . . The certification of a [mental health review officer] is [] a 'final adjudication or determination of a local agency or a Commonwealth agency as to which jurisdiction is vested in the courts of common pleas.'" In re K.L.S., 934 A.2d 1244, 1247-1248 (Pa. 2007), quoting Pa.R.C.P. 227.1(g) (internal footnote and some internal quotations and citations omitted).

Therefore, the mental health review officer's Section 303 certification constitutes a "final adjudication or determination" and, under 42 Pa.C.S.A. § 5571(b), the time for appealing such determination to the court of common pleas is statutorily fixed at 30 days. 42 Pa.C.S.A. § 5571(b) ("[e]xcept as otherwise provided . . . , an appeal from a tribunal or other government unit to a court . . . must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order"); Appeal of Chartiers Valley Sch. Dist., 462 A.2d 673 (Pa. 1983) (holding that "the [30] day period set forth in [42 Pa.C.S.A. § 5571(b)] defines the appeal period of all statutory appeals").

Hence, in the case at bar, if Appellant wished to obtain judicial review of his involuntary commitment pursuant to Section 303, Appellant was required to "petition the court of common pleas for review of the certification" within 30 days of the date the certification was filed – or, by the end of the day on October 25, 2012. 50 P.S. § 7303(g); 42 Pa.C.S.A. § 5571(b). Appellant did not do so. Indeed, Appellant filed his current petition on November 24, 2014 – which is over two years after his Section 303 certification became final.

Simply stated, no statute provides our courts with jurisdiction to review the sufficiency of Appellant's Section 303 commitment or to expunge the record of such commitment – indeed, 42 Pa.C.S.A. § 5571(b) forbids our exercise of jurisdiction. Further, the majority cites to no statutory authority for its claim of jurisdiction. See Majority Opinion at 4-7. Rather, within its

opinion, the majority grounds its assertion of jurisdiction in In re Ryan, 784 A.2d 803 (Pa. Super. 2001) and in the legal principle that, "when an appellant's due process rights under the [Mental Health Procedures Act] are violated, 'we may vacate the certification for involuntary treatment pursuant to section 303, and direct that all records pertaining to this matter be expunged.'" Majority Opinion at 6, quoting In re Ryan, 784 A.2d at 808.

However, Ryan is ill-cited in the case at bar because, in Ryan, Mr. Ryan followed the procedural steps that were necessary to obtain judicial review of his involuntary commitment under Section 303. In re Ryan, 784 A.2d at 805 ("on April 16, 2001, an informal hearing was held before a mental health review officer. After the hearing, the mental health review officer certified that [Mr. Ryan] was severely mentally disabled and ordered an additional twenty days of mental health treatment. Three days later, on April 19, 2001, [Mr. Ryan] petitioned the trial court for review of the certification") (emphasis added). Thus, Ryan did not purport to confer jurisdiction upon a court to review a Section 303 certification outside of the mandatory 30-day appeal period, and the majority's reliance upon Ryan for this proposition is mistaken.[2]

_____

[2] In declaring that it has jurisdiction to review and expunge Appellant's Section 303 commitment, the majority also cites to In re A.J.N., 144 A.3d 130 (Pa. Super. 2016). The majority emphasizes that, in A.J.N., this Court held that the petitioner was entitled to "expungement and destruction of all records from [his] two [Section 302] involuntary commitments pursuant to 18 Pa.C.S.A. § 6111.1(g)," even though the petitioner waited for nine years after

- 7 -

In conclusion, I believe that our courts do not have jurisdiction to review the sufficiency of Appellant's Section 303 certification or to order the expunction of Appellant's Section 303 commitment record.[3] Further, since our courts do not have jurisdiction to review Appellant's Section 303 commitment, Appellant's claim of error with respect to his Section 302 commitment is moot. See In re Jacobs, 15 A.3d at 511 (the appellant was involuntarily committed under Sections 302 and 303 and requested that the trial court expunge the record of his involuntary commitments; this Court held that the trial court did not have jurisdiction to review the Section 303 commitment and that, with respect to his Section 302 commitment, the appellant's claim was "moot because even if he is entitled to expunction under § 7302, expunction cannot

_____

his commitments to seek review and expunction of his Section 302 records. See In re A.J.N., 144 A.3d at 132-133. Yet, as the majority freely admits, A.J.N. was solely concerned with the review and expunction of Section 302 commitments – and, as noted above, 18 Pa.C.S.A. § 6111.1(g) expressly grants the courts jurisdiction to review the sufficiency of and, if necessary, to expunge the records of a Section 302 commitment. A.J.N. simply does not speak to the question of whether a court has jurisdiction to review and expunge the record of a Section 303 commitment.

[3] The majority notes that "there is no evidence Appellant was ever notified of his right to appeal to the court of common pleas under section 303(g) as required under section 303(d)(6) . . . [and] there is no evidence that Appellant was provided an explanation of his continuing right to be represented by counsel as required under section 303(d)(6)." Majority Opinion at 11. I assume (without deciding) that, if there were a breakdown in the operation of the courts or if Appellant were not told of his right to appeal the Section 303 certification, Appellant could petition the trial court to reinstate his right to appeal the Section 303 certification nunc pro tunc. However, Appellant did not request any such relief in the case at bar.

go forward because appellant was also involuntarily committed under § 7303"). I would affirm the trial court's order in this case.