J-S10006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: S.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1547 MDA 2019 |

Appeal from the Order Entered September 10, 2019
In the Court of Common Pleas of Schuylkill County
Civil Division at No(s): S-2361-2017

BEFORE: PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MARCH 16, 2020**

Appellant, S.S., appeals from the order denying his petition for review filed under 50 P.S. § 7109(b) of the Mental Health Procedures Act ("MHPA"), 50 P.S. § 7101, *et seq.*, after he was involuntarily committed for extended treatment pursuant to 50 P.S. § 7303 ("Section 303"). After careful review, we affirm.

On September 1, 2019, S.S. was admitted to Lehigh Valley Hospital – Schuylkill ("LVH – Schuylkill") in Pottsville, PA to receive involuntary treatment pursuant to 50 P.S. § 7302 ("Section 302"). Police officer Lynnsay Bauman filed the 302 petition, in which she wrote that S.S. was acting suspiciously and alarming the public enough to call the police. He was found holding a pick-axe and looking into parked cars.

Officer Bauman also wrote that S.S. stated a nuclear bomb had gone off and the radiation would kill everyone, unless he got into the woods. S.S. also told Officer Bauman that if the radiation did not kill them, he would kill them and their families.

On September 3, 2019, Samantha Maccarone, a social worker on the adult behavioral health floor at LVH – Schuylkill, filed an application for S.S. to receive extended involuntary treatment under Section 303 of the MHPA. That same day, a 303 hearing was held before a mental health review officer. After the hearing, the mental health review officer issued an order certifying extended involuntary treatment.

On September 5, 2019, S.S. filed a Petition to Review 303 Certification. The matter was not assigned to the trial court until the next day – Friday, September 6, 2019. That same day, the judge scheduled a hearing for review on the next business day, Monday, September 9, 2019.

At the hearing, S.S.'s counsel made an oral motion for release from involuntary commitment because the hearing had not been held within 72 hours of the filing of the petition for review. The motion was denied.

Maccarone testified regarding the information provided in the 302 petition. Dr. Uchenna Uzoukwu, a psychiatrist employed by the hospital, testified regarding his examination of S.S. and stated that S.S.'s current diagnosis was schizoaffective disorder, bipolar type. Dr. Uzoukwu also testified

that as a direct result of his condition, S.S. presented a clear and present danger to himself or others if allowed to go untreated.

S.S. testified and admitted that he believed that an atomic bomb had detonated outside of Pottsville and that he was trying to get to the woods to escape the radiation. He also admitted that if released from the hospital, he would not take the medication prescribed for him because he did not need it. He further believed that a chemical in the medication was corroding the plate under his eye and a ligament in his ankle. The court denied the petition for review. This timely appeal followed.

In his sole issue raised on appeal, S.S. argues that his Section 303 involuntary commitment must be vacated because he did not receive a hearing to review the commitment within the mandated seventy-two hour period. Generally, a hearing on a petition for review must be held within seventy-two hours after the petition is filed. **See** 50 P.S. 7109(b). Here, the petition was filed on September 5, 2019 and the hearing was held on September 9, 2019. S.S. avers that this delay should result in dismissal of the commitment order.

The implicated statute provides as follows:

> (b) In all cases in which the hearing is conducted by a mental health review officer, a person made subject to treatment shall have the right to petition the court of common pleas for review of the certification. A hearing shall be held within 72 hours after the petition is filed unless a continuance is requested by the person's counsel.

50 P.S. 7109(b).

- 3 -

Here, the petition for review was filed on Thursday, September 5, 2019. A strict interpretation of subsection (b) would require the trial court to hold a hearing by Sunday, September 8, 2019. The hearing was held on Monday, September 9, 2019, the next business day.

S.S. contends this technical violation requires that the commitment order be vacated and that he be discharged. However, this Court has categorically rejected a mechanical interpretation of the MHPA:

> One of the goals of the MHPA is to protect the due process interests of the patient who loses his or her liberty by being committed to an institution. Protection of those interests requires fundamental fairness to the patient and respect for the patient's dignity and individuality. *Achieving this standard requires common sense application of statutory provisions, not mechanical application.* A distinction must be made between those standards that directly affect the due process and liberty interests of the patient and those that do not.
>
> Equally important under the MHPA is a design to permit proper treatment of a patient to improve his or her mental stability. Mechanical adherence to rules that do not directly affect the patient's due process or liberty interests may cause the patient's premature discharge from a mental health facility, thereby depriving the patient of necessary treatment.
>
> In applying the Act we must take a balanced approach and remain mindful of the patient's due process and liberty interests, while at the same time permitting the mental health system to provide proper treatment to those involuntarily committed to its care.

*See In re S.L.W.*, 698 A.2d 90, 94 (Pa. Super. 1997) (emphasis added).

We acknowledge that "[t]he involuntary civil commitment of mentally ill persons constitutes a deprivation of liberty interests, and to justify this deprivation the procedures must satisfy due process protections." *In re W.A.*,

91 A.3d 702, 705 (Pa. Super. 2014). Further, this Court has held that a trial court "has *no* discretion to hold this hearing outside of the seventy-two hour period … absent a request for continuance from the defendant's counsel." ***See In re J.K.***, 595 A.2d 1287, 1290 (Pa. Super. 1991).

However, when analyzing time frames set forth in statutes, we must observe the legislature's rules of interpretation. ***See*** 1 Pa.C.S.A. § 1901. These rules provide that whenever the last day of any statutory period falls on a Saturday, Sunday, or legal holiday, it is to be omitted from calculating the statutory period. ***See*** 1 Pa.C.S.A. § 1908; ***see also Wolfe v. Stover***, 548 A.2d 628, 630 (Pa. Super. 1988).

Here, it is undisputed that the end of the seventy-two hour period for holding the hearing fell on a Sunday. However, S.S. argues that section 1908's rule for computation of time should not apply to "the actual deprivation of liberty, but rather to filings, etc." Appellant's Brief, at 12.

S.S. does not contend that the seventy-two hour period itself was a violation of due process. Nor does he develop any argument that the application of section 1908's rule transforms the seventy-two hour period into a constitutional violation. Instead, he contends merely that section 1908 should not be applied to this statute.

We cannot agree. As noted, the legislature has commanded that we apply the rules of interpretation when construing legislation. We can no more

disregard section 1908 than we can disregard section 7109. We therefore affirm the order denying the petition for review.[1]

　　Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/16/2020</u>

---

[1] We note that technically the hearing was held approximately seventy-five hours after the filing of S.S's petition. S.S. briefly alludes to this in one sentence in the argument section of his brief. **See** Appellant's Brief, at 12 (stating that the hearing was held in the afternoon on Monday rather than the morning). We do not address this issue on the merits, as we find such a claim waived for failure to develop the issue. **See Commonwealth v. Williams**, 732 A.2d 1167, 1175 (Pa. 1999) (noting that relief is unavailable based upon undeveloped claims for which insufficient arguments are presented on appeal); **Commonwealth v. Delligatti**, 538 A.2d 34, 41 (Pa. Super. 1988) ("When issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof").