2025 PA Super 220

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                              :            PENNSYLVANIA
                              :
          v.                    :
                              :
                              :
ALLEN LEE DAVEY               :
                              :
          Appellant          :    No. 49 EDA 2025

Appeal from the PCRA Order Entered December 9, 2024
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0001257-2019

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

OPINION BY DUBOW, J.:                 **FILED SEPTEMBER 29, 2025**

Appellant, Allen Lee Davey, appeals *pro se* from the December 9, 2024 order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless. Appellant claims he is entitled to PCRA relief because his PCRA counsel rendered ineffective assistance and he is serving an illegal sentence. After careful review, we affirm.

The relevant facts and procedural history are as follows. On September 24, 2021, Appellant entered a guilty plea to one count of Involuntary Deviate Sexual Intercourse with a Child—Complainant Less than 13 Years of Age, a first-degree felony.[1] The guilty plea colloquy form stated as a factual basis for the offense that, between August 8, 2011, and August 6, 2016, Appellant

---

[1] 18 Pa.C.S. § 3123(b). "A person commits involuntary deviate sexual intercourse with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." ***Id.***

had engaged in deviate sexual intercourse with the victim who was less than 13 years of age. Guilty Plea Colloquy Form, 9/24/21, at 1. It also stated that Appellant was aware that his conviction subjected him to a possible total maximum sentence of 40 years. *Id.* at ¶ 3.

On June 17, 2022, the trial court sentenced Appellant to a term of 15 to 40 years of incarceration—a sentence in the standard range of the Sentencing Guidelines.[2] Appellant's conviction classified him as a tier three offender under Subchapter H of the Pennsylvania Sexual Offender Registration and Notification Act.[3] The court additionally designated Appellant a sexually violent predator ("SVP").

Appellant filed a timely post-sentence motion, challenging his designation as an SVP and the discretionary aspects of his sentence. The trial court denied the motion on June 28, 2022. Appellant then filed a direct appeal challenging only his designation as an SVP. On May 31, 2023, this Court affirmed Appellant's judgment of sentence. *Commonwealth v. Davey*, 299 A.3d 933 (non-precedential decision) (Pa. Super. 2023). The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on October 17, 2023. *See Commonwealth v. Davey*, 306 A.3d 248 (Pa. 2023).

_____

[2] 18 Pa.C.S. § 3123(d)(1) provides that a defendant such as Appellant convicted of a Section 3123(b) offense "shall be sentenced to a term of imprisonment which shall be fixed by the court at not more than 40 years." 18 Pa.C.S. § 3123(d)(1).

[3] 42 Pa.C.S. §§ 9799.10 to 9799.42 ("Subchapter H"); 9799.14(d)(4).

On March 11, 2024, Appellant filed *pro se* the instant PCRA petition claiming that his plea counsel was ineffective and that he is serving an illegal sentence. With respect to these claims, Appellant asserted that the court imposed a sentence that was "greater than the legal maximum[,] . . . beyond the guidelines[, and] my lawyer did not argue that in my defense." PCRA Petition, 3/11/24, at ¶¶ 6(a), (c). On May 2, 2024, appointed counsel filed a motion to withdraw as counsel and a **Turner**/**Finley**[4] "no merit" letter reporting his conclusion that Appellant's sentencing claim lacked merit because it challenged the discretionary aspects, and not the legality, of his sentence—a claim not cognizable under the PCRA. Counsel also contended that Appellant's assertion that his plea counsel was ineffective lacked merit because his underlying claim lacked merit.

On May 3, 2024, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907 and an order granting counsel's motion to withdraw. Appellant did not file a response to the Rule 907 notice or file an amended PCRA petition.

On June 5, 2024, the PCRA court entered an order denying Appellant's PCRA petition as meritless.

On July 12, 2024, Appellant *pro se* filed a "Motion to Reinstate Defendant's Rule 907 Rights Due to Lack of Notification *Nunc Pro Tunc*." In the motion, Appellant alleged that the PCRA court failed to provide him with

_____

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

notice of the Rule 907 notice and the order denying his PCRA petition, and attached as proof his "Inmate Correspondence History" from the relevant period that does not list either of these documents as having been received by him at SCI-Rockville.[5]  Appellant requested a 60 day extension of time to respond to the Rule 907 notice or file an amended PCRA petition.  Following a hearing, on October 23, 2024, the PCRA court granted the motion.

On November 8, 2024, Appellant *pro se* filed an amended PCRA petition in which he asserted he is serving sentence greater than the lawful maximum that is, therefore, illegal and unconstitutional.  Appellant claimed, *inter alia*, that 18 Pa.C.S. § 3123(d), which provides for a 40 year maximum sentence for defendants convicted of IDSI under Section 3123(b), is unconstitutional as applied to him pursuant to **Apprendi v. New Jersey**, 530 U.S. 466 (2000), because the victim's age is an enhancing fact that increases a statutory maximum sentence and, therefore, must have been found by a jury beyond a reasonable doubt.  Amended Petition, 11/8/24, at 11-12.  He claimed that the court's interpretation and application of Section 3123(d) "enabled the Commonwealth to surreptitiously induce a plea of guilty from an unsuspecting defendant like [Appellant] under the threat of seeking a 10 year mandatory minimum sentence " if Appellant exercised his right to a jury trial, only to find out that at sentencing that his guilty plea to Section 3123(b) subjected him

---

[5] In fact, the Inmate Correspondence History contains an entry suggesting that the prison mailroom rejected the mailing containing the order denying Appellant's PCRA petition because it did not contain the required Court Control Number.

to a 40 year sentence. *Id.* at 14-15. Appellant emphasized that, because he pleaded guilty to this offense, a jury did not determine beyond a reasonable doubt that his victim was under the age of 13 at the time of his crimes. *Id.* at 33-34. He, thus, contended, that [S]ection 3123(d) authorizes a judge to impose up to 40 years only after a **conviction** under section [S]ection 3123(b) **by a jury**." *Id.* at 34 (some emphasis added, some emphasis in original). *See also id.* (where Appellant argues that "[a] plea of guilty, even where a defendant, like [Appellant] stipulates to the enhancing element, is not sufficient to increase the maximum penalty under 3123(d)").[6]

On December 9, 2024, the PCRA court denied Appellant's amended petition as meritless based on the grounds raised by PCRA counsel in the *Turner/Finley* letter, *i.e.*, that Appellant's claim raised a challenge to the discretionary aspects of his sentence which is not a claim cognizable under the PCRA. Order 12/9/24.

This timely *pro se* appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following eight issues on appeal:

1. Did the PCRA court err in accepting appointed PCRA counsel's *Turner/Finley* letter and request to withdraw as counsel where appointed counsel interpreted Appellant's initial timely filed *pro se* PCRA [petition] as making a challenge to the discretionary aspects of his sentence when Appellant was

---

[6] In his amended petition, Appellant disavowed PCRA counsel's representation in the *Turner/Finley* letter that Appellant's initial petition raised a claim that his plea and sentencing counsel was ineffective for failing to challenge the discretionary aspects of his sentence. Amended Petition at 37.

instead challenging the legality of his sentence thereby rendering PCRA counsel's assistance ineffective under ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021)?

2. Did the PCRA court err in dismissing Appellant's *pro se* amended PCRA [petition] stating, "facially there is no merit to the claims raised by Appellant in his amended PCRA petition as set forth in the court's May 3, 2024 [Rule 907 notice of intent to dismiss] order" where the May 3, 2024 notice of intent to dismiss order found Appellant was challenging the discretionary aspects of his sentence instead of finding Appellant was challenging the legality of his sentence?

3. Is the age of the victim, less than thirteen (13) years old, under 18 Pa.C.S. § 3123(b), Involuntary Deviate Sexual Intercourse with a child an enhancing element underlying the offense of Involuntary Deviate Sexual Intercourse that permits the prescribed statutory maximum increase of Felony 1 from twenty (20) years to forty (40) years?

4. Does the statutory language of 18 Pa.C.S. § 3123(d)(1) permitting a judge to impose an increased maximum penalty from twenty (20) years for a first-degree felony under 18 Pa.C.S. § 1103(1) to forty (40) years based on based on preponderance standard where no prior conviction exists violate the Sixth, Eighth, and Fourteenth Amendment to the United States Constitution and Article 1 § 9 & Article 1 § 13 of the Pennsylvania Constitution because the age of the victim, less than 13 years of age, is used as an enhancing element underlying the offense and subsection 3123(d), as written, does not comport with constitutional law requiring a person charged to be put on notice of the increased penalty element in the charging document, submitted to a jury, and proven beyond a reasonable doubt?

5. Is a sentencing judge authorized to impose the increased maximum penalty of forty (40) years for a Felony 1 under 18 Pa.C.S. § 3123(d)(1) for a first[-]time offender who pleads guilty to a violation of 18 Pa.C.S. § 3123(b) where the age of the victim is an enhancing element underlying the offense and the defendant has no prior convictions?

6. Is the "statutory limit" in the sentencing matrix found at 204 Pa. Code. § 303.16(a) of the 7th Edition Sentencing Guidelines properly interpreted by the sentencing court as a forty (40) year maximum for a first[-]time offender who pleads guilty to

a violation of 18 Pa.C.S. § 3123(b) and is sentenced under 18 Pa.C.S. § 3123(d)(1) when the standard sentencing range is "72-SL," where the defendant's prior record score is zero (0) and the offense gravity score is fourteen (14)?

7. Does the legislative intent of 18 Pa.C.S. § 3123(d)(1) increasing the prescribed maximum penalty to forty (40) years when used in conjunction with the "statutory limit" language of the 7th Edition Sentencing Guidelines Sentencing Matrix found at 204 Pa. Code. § 303.16(a) where the defendant's prior record score is zero (0) and the offense gravity score is fourteen (14) provide for a defendant who pleads guilty to a violation of 18 Pa.C.S. § 3123(b) to be sentenced to no less than fifteen (15) years nor more than forty (40) years for a first offense when the defendant specifically pled guilty to avoid the mandatory minimum sentence of ten (10) years under 42 Pa.C.S. § 9718(a)(1) for a violation of 18 Pa.C.S. § 3123?

8. Is the prescribed statutory maximum increase of forty (40) years under 18 Pa.C.S. § 3123(d)(1) where the age of the victim is an enhancing element underlying the offense constitutionally unsound as applied to Appellant's guilty plea for a first offense where no prior conviction exists?

Appellant's Brief at 3-4 (unnecessary emphasis and capitalization omitted).

***

In his first issue, Appellant challenges the trial court's order accepting PCRA counsel's representation that Appellant's petition lacked merit and permitting counsel to withdraw because "Appellant clearly desired to challenge the legality, or imposition of a sentence greater than the lawful maximum, in his initial PCRA [petition], a claim that is most definitely cognizable in a PCRA proceeding," as evidenced by Appellant having "checked the box on page 2, Section 4 (VI)" on the PCRA petition form. Appellant's Brief at 9-10.

Before we address the merits of Appellant's claim, we must consider whether he has preserved it for our review.

It is axiomatic that issues not raised by an appellant in the lower court are waived. Pa.R.A.P. 302(a). We require that "an issue be considered waived if raised for the first time on appeal" to "ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue." *Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013). This mandate also exists to provide the trial court with the opportunity to correct its errors as early as possible and to "advance[] the orderly and efficient use of our judicial resources." *Id.*

In *Bradley*, our Supreme Court created a limited exception to the general rule that an issue not raised in the trial court is waived. The *Bradley* Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." 261 A.3d at 401. The Court subsequently explained that the *Bradley* decision "recognized that traditional issue preservation principles do not apply where they would make it **impossible for a petition to timely raise a claim of initial PCRA counsel's ineffectiveness**." *Commonwealth v. Parrish*, 273 A.3d 989, 1003 (Pa. 2022) (emphasis added). In other words, an appellant may raise a claim of PCRA counsel's ineffectiveness for the first time on appeal where, owing to the procedural posture of his case, he had no opportunity to raise that claim before the PCRA court. Relying on *Bradley*, Appellant contends, even though he did not raise an ineffective assistance of PCRA counsel claim in the PCRA court, we may review it because he raised it in his

Pa.R.A.P. 1925(b) Statement. We disagree that the **Bradley** exception applies to the instant circumstances.

Here, the record reflects that, after PCRA counsel filed the **Turner/Finley** letter in which he characterized Appellant claims as challenging the discretionary aspects of his sentence—thereby forming the basis of Appellant's ineffective assistance of PCRA counsel claim—the court gave Appellant the opportunity to file an amended PCRA petition in which it was possible for Appellant to raise a claim of PCRA counsel's ineffectiveness. Appellant availed himself of the opportunity to file an amended PCRA petition, but, notably, did not include in the amended petition any claim of PCRA counsel's ineffectiveness. Accordingly, because it was possible for Appellant to timely raise a claim of PCRA counsel's ineffectiveness in the PCRA court by asserting the claim in his amended PCRA petition, but Appellant did not do so, he has waived this claim.[7]

\*\*\*

In his second issue, Appellant challenges the PCRA court's order denying his petition after finding that Appellant's claims are not cognizable under the PCRA. Appellant's Brief at 11-12.

"[W]e review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.

---

[7] Even if Appellant had not waived this claim, we would find it meritless for the reasons discussed *infra*.

- 9 -

Super. 2022) (citation and internal quotation marks omitted). It is an appellant's burden to persuade us that the PCRA court erred and that relief is due. *Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018). "[W]e apply a *de novo* standard of review to the PCRA court's legal conclusions[.]" *Howard*, 285 A.3d at 657.

Following our review of the issues raised by Appellant in his *pro se* PCRA petition and amended petition, we find, that contrary to the representations of PCRA counsel and the findings of the PCRA court, Appellant's claims, as set forth in detail above, raise challenges to the legality of his sentence. *See Commonwealth v. Foster*, 17 A.3d 332, 336 (Pa. 2011) ("[A]ny claim[ that] asserts a sentence exceeds the lawful maximum[] implicates the legality of the sentence."). Challenges to the legality of one's sentence are cognizable under the PCRA. *See Commonwealth v. Beck*, 848 A.2d 987, 989 (Pa. Super. 2004) ("Issues concerning the legality of sentence are cognizable under the PCRA."). The lower court, therefore, erred as a matter of law in concluding that Appellant's claims are not cognizable under the PCRA. Notwithstanding the PCRA court's error, however, we conclude that the court properly denied Appellant's amended petition as meritless.

\*\*\*

In his final six issues, Appellant contends that he is entitled to PCRA relief because he is serving an illegal sentence. Appellant's Brief at 12-30. In support of these interrelated claims, Appellant sets forth the same argument as in his amended PCRA petition. In sum, Appellant essentially argues that

his sentence is illegal because: (1) the "complainant who is less than 13 years age" portion of Section 3123(b) is a fact that operates as a sentencing enhancement, and, therefore, must be found by a jury beyond a reasonable doubt before a court has the authority to apply Section 3123(d), which permits the court to impose a maximum sentence of 40 years of incarceration; and (2) because he pleaded guilty to a Section 3123(b) offense no jury found beyond a reasonable doubt that his victim was less than 13 years old at the time Appellant committed his crimes. He concludes, therefore, that the trial court lacked authority to impose a maximum sentence of 40 years of incarceration. **See generally** Appellant's Brief at 13-30.

In support of his contention that a court may not impose the statutory maximum sentence set forth in Section 3123(d) unless the defendant has been convicted by a jury of violating Section 3123(b), Appellant relies on **Commonwealth v. Fennell**, 105 A.3d 13 (Pa. Super. 2014). In **Fennell**, the defendant was convicted of Possession With Intent to Deliver ("PWID"), 35 P.S. § 780-113(a)(30),[8] after a bench trial at which he stipulated to lab reports indicating that he possessed 2.035 grams of heroin. Following his conviction, the trial court imposed a mandatory minimum sentence pursuant

---

[8] Section 780-113(a)(30) has criminalized "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." 35 P.S. § 780-113(a)(30).

to 18 Pa.C.S. § 7508(a)(7)(i)[9]—the length of which was prescribed by the weight of the heroin the defendant possessed. On appeal, the defendant claimed the trial court erred in its application of Section 7508. We agreed and vacated the defendant's mandatory minimum sentence, finding that, pursuant to the Due Process Clause, because the weight of the heroin was a fact that increased the defendant's sentence, he was entitled to have a factfinder make that determination beyond a reasonable doubt.

We find **Fennell** distinguishable. First, **Fennell** involves imposition of a mandatory minimum sentence whereas the instant matter involves imposition of a statutory maximum sentence. Next, and critically, unlike IDSI—Complainant Less than 13 Years of Age, where the victim's age is an element of the crime, the weight of the drugs possessed by the defendant is not an element of PWID, and the sentencing statute pursuant to which the court imposed Fennell's sentence specifically states that the "[p]rovisions of this section shall not be an element of the crime." 18 Pa.C.S. § 7508(b). Thus, we conclude that the holding in **Fennell** does not apply to support Appellant's contention that, in the absence of a jury conviction, the court lacked authority to sentence him to a statutory maximum sentence.

_____

[9] Section 7508(a)(7)(i) provides that a person convicted of, *inter alia*, 35 P.S. § 780-113(a)(30) shall be subject to a mandatory minimum term of two years of incarceration "when the aggregate weight of the compound or mixture containing the heroin involved is at least 1.0 gram but less than 5.0 grams[.]" 18 Pa.C.S. § 7508(a)(7)(i).

Moreover, this Court has held that, where, as here, the age of the victim is an element of the crime, the victim's age must either be admitted by the defendant or found by a jury beyond a reasonable doubt. ***See Commonwealth v. Kearns***, 907 A.2d 649, 655 (Pa. Super. 2006) (considering 18 Pa.C.S. § 2504(b), which grades the offense of Involuntary Manslaughter differently depending on the age of the victim).

Thus, even assuming *arguendo*, that the age of the victim acts as a "fact that increases the penalty for a crime" as contemplated in ***Apprendi***, because Appellant pleaded guilty to IDSI Complainant Less than 13 Years of Age, and, thereby admitted that his victim was less than 13 years old, and no authority supports his claim that that fact must be found by a jury in order for the court to impose a statutory maximum sentence, we find that the trial court had the authority to impose the Section 3123(d) statutory maximum sentence of 40 years of incarceration following Appellant's guilty plea to IDSI—Complainant Less than 13 Years of Age. Accordingly, Appellant's claim that he is serving an illegal sentence fails and Appellant is not entitled to PCRA relief.

Order affirmed.[10]

_____

[10] "We are not bound by the rationale of the trial court[] and may affirm on any basis." ***In re Jacobs***, 15 A.3d 509 n.1 (Pa. Super. 2011).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>9/29/2025</u>